Bevis, J.
 

 Two points are made in the brief of the plaintiff in error:
 

 (1) The Court of Appeals could not properly have determined the cause because the transcript and the bill of exceptions were lost and could not be read by the Court of Appeals.
 

 (2) The Court of Appeals was in error in deciding that the affidavit did not charge an offense.
 

 (1) It appears from the record that on July 11,1933, the “transcript and original papers” were filed in the Court of Appeals. No question is made but that they were filed in time. It is agreed that the affidavit set forth in the statement of facts herein is an exact copy of the original, and the Court of Appeals based its reversal upon the sole, ground that this affidavit did not contain sufficient allegations to constitute a crime. We pass, therefore, to the second point.
 

 (2) Does the affidavit charge an offense? The ordinance under which the affidavit was filed provides that “whoever willfully conducts himself in a noisy, boisterous, rude,
 
 insulting,
 
 or other disorderly manner, by either words or acts, toward any other person with intent to abuse or annoy such person * * * shall be deemed guilty of a misdemeanor * *
 

 An affidavit charging an offense in the exact words of the ordinance is not void for indefiniteness.
 
 City of Cincinnati
 
 v.
 
 Schill,
 
 125 Ohio St., 57, 180 N. E., 545.
 

 In that case the syllabus reads as follows:
 

 “1. An affidavit charging that ‘one S., on or about the 11th day of June, A. D., 1929, at the City of Cincinnati, County of Hamilton, State of Ohio, did unlawfully and wilfully conduct himself in a noisy, boisterous, rude and insulting manner with intent to abuse and annoy the citizens of Cincinnati,’ drawn under
 
 *300
 
 favor of Section 550, Ordinances of the City of Cincinnati, which, in so far as it applies to this case, provides : ‘It shall be unlawful for any person to wilfully conduct himself in a noisy, boisterous, rude and insulting-manner, with intent,’ etc., is not void for indefiniteness.
 

 “2. If the exact words of a city ordinance are used in charging an offense, it is not enough to attack the legal sufficiency of the affidavit. The ordinance must be attacked, for it is the ordinance that is at fault and not the affidavit.
 

 “3. If such affidavit were indefinite, the question is not raised in this case. Such question can be raised only by motion to quash before issue joined.”
 

 In the instant case the affidavit was more definite than in the
 
 Schill case
 
 by reason of the addition of the words, “by calling said Frank Schaffer a ‘bastard’.”
 

 The defendant in error contends that no offense is charged for the reason that the word “bastard”, according to the dictionary, has certain innocuous meanings such as: “not genuine”; “abnormal in proportion or dimension”; “unusual”; and that it sometimes means “fast-cutting file” or “unusual sized piece of paper.” We do not believe any of these meanings was in the mind of Christie or of Schaffer upon the occasion in question.
 

 The dictionary also defines “bastard” as “begotten and born out of lawful matrimony.” From the time to which the memory of man runneth not to the contrary, the term “bastard”, applied in anger, as an epithet, has been standard usage in the terminology of insult. Its tendency to provoke disorder is well known. According to a statement in the defendant in error’s brief it had that effect in this case, for Schaffer, it is said, smote Christie on the jaw.
 

 In our opinion the affidavit charged an offense under
 
 *301
 
 tlie ordinance and tlie validity of the ordinance is not attacked.
 

 For the foregoing reasons, the judgment of the Court of Appeals is reversed and the judgment of the Police Court is affirmed.
 

 Judgment reversed.
 

 Weygandt, C. J., Stephenson, Jones, Matthias, Zimmerman and Wilkin, JJ., concur.