Clinton DODGE, Petitioner-Appellant,

v.

Perry JOHNSON, Warden of the State Prison for Southern Michigan at Jackson, Michigan, Respondent-Appellee.

No. 72–1037.

United States Court of Appeals, Sixth Circuit.

Argued Oct. 10, 1972.

Decided Jan. 19, 1973.

Ray Graves, Detroit, Mich., for petitioner-appellant; Philip Van Dam, Neil H. Fink, Detroit, Mich., on brief.

Stewart H. Freeman, Asst. Sol. Gen., Lansing, Mich., for defendant-appellee; Frank J. Kelley, Atty. Gen., Robert A. Derengoski, Sol. Gen., Lansing, Mich., on brief.

Before EDWARDS, McCREE and KENT, Circuit Judges.

KENT, Circuit Judge.

This is an appeal from the District Court's denial of the appellant's application for a writ of habeas corpus. In 1962 the appellant was convicted of armed robbery after a trial by jury and was sentenced to a term of imprisonment. In 1966 a delayed application for leave to appeal was granted by the Michigan Court of Appeals which referred the case back to the Genesee County Circuit Court for a hearing to determine the

voluntariness of defendant's statements, admitted in evidence at the trial, pursuant to People v. Walker, 374 Mich. 331, 132 N.W.2d 87 (1965). After a full hearing in the Circuit Court for Genesee County, at which the appellant was represented by counsel, the Court concluded that the statements made by the appellant had been made voluntarily and that they were legally obtained. This decision was affirmed by the Michigan Court of Appeals. People v. Dodge, 12 Mich.App. 111, 162 N.W.2d 323 (1968). The Supreme Court of Michigan denied the appellant's application for leave to appeal. 381 Mich. 815 (1969).

In his application for a writ of habeas corpus the appellant claims that the statements he made were not voluntarily made and that he was denied his right to counsel at the preliminary examination in violation of the Sixth Amendment to the Constitution of the United States. The District Court had available the transcripts of the proceedings on the preliminary examination and the proceedings on the "Walker hearing." The same transcripts have been examined by this Court.

The facts may be briefly stated as follows: The appellant was arrested early in the morning after a high speed automobile chase which ended when the appellant was involved in an accident. He ran from the scene of the accident but was found hiding in a field. He was taken to the State Police Post at Pontiac, Michigan, and from there was taken to the headquarters of the Flint Police Department. At the Flint Police Department he was placed in a series of lineups, for identification by witnesses to several robberies in which the appellant was suspected of participating. The last lineup was around 7 p.m., and about two hours thereafter the appellant made the statements which were later used against him in the trial. He does not claim that there was any overt coercion. He does complain that he was handcuffed, that the handcuffs were painful, (he admits that the handcuffs were loosened when he complained) and that he was given no medical attention

for the injuries which he claims to have received in the automobile collision. He claims that he had a pain in his back and that his leg and right forehead were cut. He complains that he was not fed and was not permitted to sleep. He acknowledges that he made no request for medical attention immediately following the accident, and there was testimony that upon inquiry as to injuries other than the cut on the forehead he made no response. He claims that he asked for the privilege of calling an attorney but conceded that he did not ask for any specific attorney, that he asked to call his wife but acknowledged that she was not home at the time he made at least one request. The Circuit Court for Genesee County, at the conclusion of the "Walker hearing," concluded "that the statements obtained from the defendant Dodge were voluntarily made." The Michigan Court of Appeals agreed.

■ We recognize that this Court is not bound by the factual conclusions of the Michigan Courts and must make an independent examination of the record to determine whether those conclusions are supported by the evidence. Haynes v. Washington, 373 U.S. 503, 83 S.Ct. 1336, 10 L.Ed.2d 513 (1963); Davis v. North Carolina, 384 U.S. 737, 86 S.Ct. 1761, 16 L.Ed.2d 895 (1966). Title 28 U.S.C. § 2254(d) provides in part:

"(d) In any proceeding instituted in a Federal court by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination after a hearing on the merits of a factual issue, made by a State court of competent jurisdiction in a proceeding to which the applicant for the writ and the State or an officer or agent thereof were parties, evidenced by a written finding, written opinion, or other reliable and adequate written indicia, shall be presumed to be correct, unless the applicant shall establish or it shall otherwise appear, or the respondent shall admit—

(1) that the merits of the factual dispute were not resolved in the State court hearing;

(2) that the factfinding procedure employed by the State court was not adequate to afford a full and fair hearing;

(3) that the material facts were not adequately developed at the State court hearing;

(4) that the State court lacked jurisdiction of the subject matter or over the person of the applicant in the State court proceeding;

(5) that the applicant was an indigent and the State court, in deprivation of his constitutional right, failed to appoint counsel to represent him in the State court proceeding;

(6) that the applicant did not receive a full, fair, and adequate hearing in the State court proceeding; or

(7) that the applicant was otherwise denied due process of law in the State court proceeding;

(8) or unless that part of the record of the State court proceeding in which the determination of such factual issue was made, pertinent to a determination of the sufficiency of the evidence to support such factual determination, is produced as provided for hereinafter, and the Federal court on a consideration of such part of the record as a whole concludes that such factual determination is not fairly supported by the record:"

We are satisfied that at the time of the "Walker hearing", at which the appellant was represented by counsel, he received a full and fair evidentiary hearing and that no further evidentiary hearing was necessary in the United States District Court which had access to the transcripts of that hearing. Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963). Our own examination of the transcript of the "Walker hearing" convinces us, as it did the District Court on a similar review, that the statements made by the appellant were made without coercion. This is not to suggest that we are casting a mantle of approval over the refusal of the police to permit the appellant to make the requested telephone calls to his wife and/or to an attorney of his choice, even though unidentified. Neither do we approve of the failure of the police to make arrangements for a complete physical examination to determine the necessity or lack of necessity for treatment of one involved in an automobile accident while traveling at the high speeds described by the police in this record.

As this Court has previously stated: "The burden to show that he is in custody in violation of the Constitution of the United States is on the prisoner. Jones v. Russell, 396 F.2d 797 (6th Cir.); Gray v. Johnson, 354 F.2d 986 (6th Cir.)." Allen v. Perini, 424 F.2d 134, 138 (6th Cir. 1970), cert. denied 400 U.S. 906, 91 S.Ct. 147, 27 L.Ed.2d 143 (1970). Clearly, the appellant has not carried his burden of establishing that the statements made by him, which were admitted in evidence, were other than voluntary. All the evidence indicates that any injuries he had were minor, that though he may not have been given anything to eat there is no indication that he requested food or that meals were purposely denied to him. He claims that he had no sleep but concedes that he had time to sleep but was unable to because of his nervousness.

Under all the circumstances and recognizing that the trial judge who conducted the hearing had the burden of weighing the credibility of witnesses and resolving conflicts in the evidence, it appears that the appellant has not established that any statements made by him were made because of coercion or were involuntary in any other respect.

Under the facts revealed by the "Walker hearing" the failure of the police to afford the appellant the services of an unretained and unidentified lawyer was not a violation of his constitutional rights. At the time the request for counsel was made no criminal charges had been lodged against the appellant. As stated by Mr. Justice Stewart in Kirby v. Illinois, 406 U.S. 682,

689–690, 92 S.Ct. 1877, 1882, 32 L.Ed.2d 411 (1972):

> "It is then [after initiation of judicial criminal proceedings] that a defendant finds himself faced with the prosecutorial forces of organized society, and immersed in the intricacies of substantive and procedural criminal law. It is this point, therefore, that marks the commencement of the 'criminal prosecutions' to which alone the explicit guarantees of the Sixth Amendment are applicable." (Citations omitted).

■ Immediately preceding the commencement of his preliminary examination appellant requested a continuance to afford him an opportunity to retain counsel. He stated that he had tried to engage counsel, that he had talked with two attorneys and had been unsuccessful, that he had asked one attorney to be present at the preliminary examination who had not appeared. The examining magistrate denied the application for a continuance. The appellant claims that the denial of counsel was a violation of his constitutional rights. He acknowledges that Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964), is inapplicable to this 1962 proceeding because Escobedo was held to be nonretroactive in Johnson v. New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966). He relies, however, upon Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963); Chandler v. Fretag, 348 U.S. 3, 75 S.Ct. 1, 99 L.Ed. 4 (1954); and Ferguson v. Georgia, 365 U.S. 570, 81 S.Ct. 756, 5 L.Ed.2d 783 (1961). We recognize that there is language in some of these cases which might be deemed to be applicable to the situation here involved, except that each of the cases cited relates to the denial of the opportunity to secure counsel for representation on the *trial* of the cause. A preliminary examination was not considered to be a *critical stage* of the criminal process until the decision in Coleman v. Alabama, 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387 (1970), was announced, and appellant's claim of applicability to his situation has been answered in Adams v. Illinois, 405 U.S. 278, 92 S.Ct. 916, 31 L.Ed.2d 202 (1972), where it was held that the decision in Coleman v. Alabama, *supra*, is not effective retroactively. The deprivation of counsel during pretrial proceedings amounted to a denial of constitutional rights, at the time in question, only if such deprivation created such prejudice as to affect the subsequent trial. Crooker v. California, 357 U.S. 433, 78 S.Ct. 1287, 2 L.Ed.2d 1448 (1958). The record in this case reflects no such evidence. In addition, it should be pointed out that there is nothing to indicate that appellant's retained trial counsel made any effort to have the case remanded to the examining magistrate for a further preliminary examination. There is no suggestion in this record that the lack of counsel at the preliminary examination or anything that occurred during the preliminary examination prejudiced the appellant's rights at trial or in any way tainted the finding of guilt which resulted in the appellant's present confinement. *See* Chandler v. Fretag, 348 U.S. 3, 75 S.Ct. 1, 99 L.Ed. 4 (1954).

■ In conclusion, after examining the entire record, and considering the State Circuit Court's finding that "the defendant is a man of unusual intelligence and is knowledgeable in the ways of the law," People v. Dodge, 162 N.W. 2d at 325, we cannot say that the denial of a continuance to afford the appellant an opportunity to secure counsel was an abuse of discretion by the examining magistrate. The record does not demonstrate that the denial of counsel or the lack of counsel prior to the trial of the cause so affected the subsequent proceedings as to deprive the appellant of "that fundamental fairness essential to the very concept of justice." Crooker v. California, 357 U.S. 433, 439, 78 S.Ct. 1287, 1292, 2 L.Ed. 1448 (1958), quoting from Lisenba v. California, 314 U.S. 219, 236, 62 S.Ct. 280, 86 L.Ed. 166 (1941).

The judgment of the trial court is affirmed.