## PLUMMER *v.* CITY OF COLUMBUS

No. 72–6897. Decided October 15, 1973

PER CURIAM.

The Court of Appeals of Franklin County, Ohio, in an unreported opinion, affirmed appellant's conviction of violating Columbus City Code § 2327.03, which provides: "No person shall abuse another by using menacing, insulting, slanderous, or profane language." The Ohio Supreme Court, in an unreported order, *sua sponte* dismissed appellant's appeal to that court "for the reason that no substantial constitutional question exists herein." We grant leave to proceed *in forma pauperis* and reverse.

On December 11, 1972, we held that *Gooding* v. *Wilson,* 405 U. S. 518 (1972), required the reversal of a previous action of the Ohio Supreme Court that dismissed an appeal from a conviction under § 2327.03. *Cason* v. *City of Columbus,* 409 U. S. 1053. Section 2327.03 punishes only spoken words and, as construed by the Ohio courts, is facially unconstitutional because not lim-

ited in application "to punish only unprotected speech" but is "susceptible of application to protected expression." *Gooding* v. *Wilson, supra,* at 522. In that circumstance, the Ohio Supreme Court erred when it found no constitutional infirmity in the holding of the Court of Appeals of Franklin County that the ordinance might constitutionally reach appellant's conduct because "the words as used by the [appellant] are in the nature of 'fighting words' and thereby fall within that limit of conduct proscribed by the ordinance . . . ." For " '[a]lthough [the ordinance] may be neither vague, overbroad, nor otherwise invalid as applied to the conduct charged against a particular defendant, he is permitted to raise its vagueness or unconstitutional overbreadth as applied to others. And if the law is found deficient in one of these respects, it may not be applied to him either, until and unless a satisfactory limiting construction is placed on the [ordinance]. The [ordinance], in effect, is stricken down on its face. . . .' " *Id.,* at 521.

*Reversed.*

THE CHIEF JUSTICE and MR. JUSTICE BLACKMUN dissent for the reasons expressed in MR. JUSTICE BLACKMUN's dissenting opinion in *Gooding* v. *Wilson,* 405 U. S. 518, 534 (1972), and in the dissenting statement in *Cason* v. *City of Columbus,* 409 U. S. 1053 (1972).

MR. JUSTICE POWELL, with whom MR. JUSTICE REHNQUIST concurs, dissenting.

Appellant is a Columbus cab driver. He had a female fare in his cab who had requested to be taken to a certain address. When he passed this address, the fare complained and—according to the statement of the trial court—the cab driver's response was "a series of abso-

4

lutely vulgar, suggestive and abhorrent, sexually-oriented statements."

I would sustain appellant's conviction for the reasons stated in my dissenting opinion in *Rosenfeld* v. *New Jersey,* 408 U. S. 901, 906 (1972). As stated therein:

> "[A] verbal assault on an unwilling audience [or an individual] may be so grossly offensive and emotionally disturbing as to be the proper subject of criminal proscription, whether under a statute denominating it disorderly conduct, or, more accurately, a public nuisance."

The Columbus City Code was certainly sufficiently explicit to inform appellant that his verbal assault on a female passenger in his cab was "menacing and insulting." As a wrong of this character does not fall within the protection of the First Amendment, the overbreadth doctrine is not applicable. See Model Penal Code, §§ 250.2 (1)(a) and (b) (Proposed Official Draft 1962); see also *Williams* v. *District of Columbia,* 136 U. S. App. D. C. 56, 64, 419 F. 2d 638, 646 (1969).