Eugene **PHILLIPS**, Petitioner,

v.

Harold **BLACK**, Warden, Kentucky State Reformatory, LaGrange, Kentucky, Respondent.

Civ. A. No. 1131.

United States District Court, E. D. Kentucky, Catlettsburg Division.

Dec. 10, 1973.

George B. Fleshman, Ashland, Ky., (court appointed), for petitioner.

Ed Hancock, Atty. Gen., George Geoghegan, III, Asst. Atty. Gen., Frankfort, Ky., for respondent.

## MEMORANDUM OPINION AND ORDER

HERMANSDORFER, Judge.

The petitioner, who is presently incarcerated at the Kentucky State Reformatory at LaGrange, Kentucky, seeks Federal Habeas Corpus relief under the provisions of 28 U.S.C. § 2254. This Court, after finding that the petitioner had exhausted his available state remedies, granted the petitioner an evidentiary hearing which was conducted at Catlettsburg, Kentucky on October 11, 1973.

The petitioner, who was represented by Court appointed counsel, presented two substantive claims in support of his petition for post-conviction relief from the sentence of life imprisonment imposed by the Boyd Circuit Court, Boyd County, Kentucky on October 7, 1955 following a plea of guilty to an indictment charging him with the offense of armed robbery. He first alleged that he was denied effective assistance of counsel in that his appointed counsel mistakenly informed him that he would receive a twenty-one (21) year sentence upon a plea of guilty. In 1955 the petitioner contends, and the respondent concedes, the minimum punishment for the offense of arm-

ed robbery in the Commonwealth of Kentucky was not twenty-one (21) years but, rather, life imprisonment. When it became apparent at his trial that the Court could not comply with the representations of counsel, the petitioner alleged that he was not informed of his right to withdraw his plea of guilty. At the aforementioned hearing the petitioner reiterated the contentions contained in his petition. However, his appointed counsel in the State Court proceedings and the Commonwealth Attorney in their testimony substantially controverted the petitioner's argument. The Hon. P. H. Vincent stated that he could not remember the specifics at those proceedings, but was certain that he made no such representation to the petitioner as he knew the minimum sentence for armed robbery was life imprisonment at that time. The Hon. William B. Arthur stated that he could remember no such issue being raised before the Court at the time the plea was entered.

■ The petitioner contends that the Supreme Court's holding in Santobello v. New York, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971) would permit him to withdraw his plea of guilty and plead anew. Although a promise made during plea bargaining that is not kept will provide a basis for Habeas Corpus relief, the petitioner has the burden of proving the truth of his allegations in order to establish a violation of his constitutional rights. Stidham v. Wingo, 482 F.2d 817, 820 (6th Cir. 1973); Dodge v. Johnson, 471 F.2d 1249, 1251 (6th Cir. 1973). Further, the lapse of sixteen (16) years prior to any collateral attack on the regularity of the State Court proceedings serves not as an absolute bar to the institution of any such action, Herman v. Claudy, 351 U.S. 116, 76 S.Ct. 223, 100 L.Ed. 126 (1956), but, rather, increases the burden on the petitioner to overcome the presumption of the regularity of his conviction. Pasley v. Overholser, 108 U.S. App.D.C. 332, 282 F.2d 494, 495 (1960); Frost v. Montana, 249 F.Supp. 349, 352–353 (D.Mont.1966).

■ In this instance the petitioner has not alleged, nor proven, that the prosecutor or Court was involved in the alleged misrepresentation made by counsel. Thus, Santobello v. New York, *supra*, is inapplicable. The petitioner's argument is more properly addressed to the ineffective assistance of counsel. In order to obtain his release on Federal Habeas Corpus where he has plead guilty upon the advice of counsel, the petitioner must demonstrate that advice was outside the normal range of competency demanded of attorneys in criminal cases. Tollett v. Henderson, 411 U.S. 258, 268, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973). As such he must prove that what was done or not done by the attorney for his client made the proceedings a sham, a farce, or a mockery of justice, shocking to the conscience of the Court. Stidham v. Wingo, *supra* at 821 of 482 F.2d; Hayes v. Russell, 405 F.2d 859, 860 (6th Cir.1969).

■ The offense of armed robbery at the time of the underlying state proceedings was one punishable by death or life imprisonment. The indictment charging the petitioner with that offense also contains other factual allegations of force, violence and the use of a deadly weapon. If the petitioner had chosen to stand trial he could have possibly received the death penalty considering the facts alleged. It is apparent that Mr. Vincent displayed his expertise as a criminal trial lawyer in obtaining for his client the minimum sentence. In addition, this Court, from personal knowledge, considered Mr. Vincent one of the ablest lawyers in the Commonwealth at the time he represented the petitioner.

In view of the foregoing, it is readily obvious that the petitioner has not carried his heavy burden on any charge of an unkept promise or erroneous advice from counsel.

■ The petitioner's second contention is that he was not afforded counsel at the time of sentencing. The record is silent as to the question of whether the petitioner was represented by his coun-

sel at the October 7, 1955 sentencing. Neither Mr. Vincent or Mr. Arthur could remember whether Mr. Vincent was present at that time. The respondent asserts that a strong presumption of regularity arises from this failure to recall. That contention is extremely tenuous when it is understood that Kentucky's Rules of Criminal Procedure did not, in 1955, require counsel's presence at the time of sentencing. See Oliver v. Cowan, 487 F.2d 895 (6th Cir. Decided November 21, 1973). Also, the plea of guilty was entered by the petitioner on October 5, 1955. He was not sentenced that day but on October 7, 1955. In view of the recent holding of the United States Court of Appeals for the Sixth Circuit in *Oliver,* formal sentencing under the Kentucky Criminal Code as it existed prior to the adoption of the new Rules of Criminal Procedure in 1962 was a critical stage in the proceeding requiring the guiding hand of counsel. See also Mempa v. Rhay, 389 U.S. 128, 136, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967); Powell v. Alabama, 287 U.S. 45, 69, 53 S.Ct. 55, 77 L.Ed. 158 (1932).

Accordingly, the petitioner's motion for a Writ of Habeas Corpus shall be, and the same hereby is, sustained on condition. A Writ shall issue but shall be stayed for a period of ninety (90) days from the date of this Opinion and Order to permit the Kentucky Court to resentence the petitioner with either retained or appointed counsel present. If such action is not taken, the Writ of Habeas Corpus shall become absolute upon the expiration of the stay period and the petitioner shall be released from confinement attributable to Boyd Circuit Court Indictment No. 5335 and the judgment of conviction thereon. The respondent shall timely advise the Court of any State Court orders material to this proceeding.

This cause shall remain on the docket for such further orders as may be appropriate for a period of ninety-five (95) days at which time it shall be stricken from the docket without a further order of Court.