CITY OF COLUMBUS, APPELLEE, *v.* SCHWARZWALDER,
APPELLANT.
CITY OF COLUMBUS, APPELLEE, *v.* COLEMAN, APPELLANT.

[Cite as Columbus v. Schwarzwalder (1974),
39 Ohio St. 2d 61.]

(Nos. 73-788 and 73-857—Decided July 3, 1974.)

*Mr. James J. Hughes, Jr.,* city attorney, *Mr. Daniel W. Johnson, Mr. Michael J. Norris* and *Mr. Michael J. Morrissey,* for appellees.

*Messrs. Tyack, Scott & Colley* and *Mr. Paul Scott,* for appellant Schwarzwalder.

*Mr. Vaughn F. Stocksdale,* for appellant Coleman.

*Per Curiam.* The Court of Appeals upheld the convictions in these cases. The court found that the evidence was sufficient for conviction; that the ordinance was not void for overbreadth or vagueness; that the conduct complained of could be punished under the ordinance; and that any language use which was punished was unprotected because it was either "obscene" or "fighting words."

We reverse.

Section 2327.01 of the Columbus Code may punish spoken words. In the causes before us, conduct was also alleged which could have been punished. However, *Street* v. *New York* (1969), 394 U. S. 576, mandates that where *both* speech and conduct have been punished, the ordinance, in order to pass constitutional muster, must be: "* * * authoritatively construed * * * not susceptible of application to speech, although vulgar or offensive, that is protected by the First and Fourteenth Amendments. * * *" *Lewis* v. *New Orleans* (1974), 415 U. S. , 39 L. Ed. 2d 214, 219.

Although this court has construed similar disorderly conduct ordinances, *Cincinnati* v. *Hoffman* (1972), 31 Ohio St. 2d 163, certiorari denied, 410 U. S. 920 (1973); *Cincinnati* v. *Karlan* (1973), 35 Ohio St. 2d 34, *vacated* and *remanded, Karlan* v. *Cincinnati* (1974), 415 U. S. , 42 L. W. 3580; we here reiterate:

First, specific intent must be proved as a part of the offense, so that men of common understanding need not guess at its meaning, and so that the standards of guilt are readily understandable. The conduct here complained of must be done with the *intent* to "disturb" and "annoy."

Second, where language is complained of, the language can only be narrowly prescribed "obscene" or "fighting words."

In *Cohen* v. *California* (1971), 403 U. S. 15, the Supreme Court held that the word "fuck" used in a context of demonstration or protest, and not directed to any person or group in particular, is neither "fighting words" nor "obscene." See, *e.g., Lewis* v. *New Orleans, supra; Vachon* v. *New Hamphshire* (1974), 415 U. S. , 42 L. W. 3403; *Karlan* v. *Cincinnati, supra; Lucas* v. *Arkansas* (1974), 415 U. S. , 42 L. W. 3581; *Hess* v. *Indiana* (1973), 414 U. S. 105.

See, also, *Chaplinsky* v. *New Hampshire* (1942), 315 U. S. 568; *Terminiello* v. *Chicago* (1949), 337 U. S. 1; *Gooding* v. *Wilson* (1972), 405 U. S. 518.

We reaffirm our compliance with the mandates of the United States Supreme Court. In order for the Columbus disorderly conduct ordinance to be constitutionally applied it must be directed only against the types of conduct and unprotected speech delineated in our cases and those cases cited above.

The judgments of the Court of Appeals are reversed, and the defendants are ordered discharged.

*Judgments reversed.*

O'NEILL, C. J., CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.

HERBERT, J., concurs in the judgment only.