**Daniel THOMPSON, Petitioner-Appellant,**

**v.**

**Edward GAFFNEY and William Hall, Respondents-Appellees.**

**No. 75–1740.**

United States Court of Appeals,
Sixth Circuit.

Argued Feb. 10, 1976.

Decided Aug. 13, 1976.

Rehearing and Rehearing En Banc
Denied Oct. 8, 1976.

Eugene Sidney Bayer, Roy M. Kaufman, Cleveland, Ohio, for petitioner-appellant.

Jules N. Koach, Asst. Director of Law, Cleveland Heights, Ohio, for respondents-appellees.

Before PECK, McCREE and LIVELY, Circuit Judges.

PECK, Circuit Judge.

Petitioner-appellant Thompson was jury convicted on February 24, 1972, in Cleveland Heights Municipal Court of violating Cleveland Heights Codified Ordinance 931.-01(a), *to wit,*

"*Disorderly conduct.* It shall be unlawful for any person to willfully conduct himself in a noisy, rude, insulting, boisterous, or violent manner toward any other person or persons, by either word or act, which conduct disturbs the good order, peace and quiet of the City or any portion of its inhabitants." [1]

The evidence at trial indicated that Thompson, cited for "jaywalking" and arrested when he volunteered that "he was not go-

ing to court, and . . . might leave Ohio," called "in a loud voice with a crowd of young men and women present" the arresting police officers "motherfucking pigs." He apparently was sentenced to ninety (90) days in jail, fined $250 and assessed $180 in court costs.[2] The state court of appeals on June 7, 1973, sustained the conviction, rejecting, *inter alia*, Thompson's claim that the ordinance was unconstitutionally broad and vague. The Ohio Supreme Court on October 12, 1973, dismissed an appeal to it for want of a "substantial constitutional question."

On February 15, 1974, Thompson filed the instant petition for writ of habeas corpus in the district court, claiming that the ordinance was unconstitutionally overly broad, "not [having] been authoritatively construed as being limited to fighting words." On May 6, 1975, the district court denied the petition, because the state supreme court, in construing an "almost identical" ordinance in *Karlan v. City of Cincinnati,* 39 Ohio St.2d 107, 314 N.E.2d 162 (1974), sufficiently narrowed the Cleveland Heights ordinance, which otherwise would be unconstitutionally overly broad, to proscribe only unprotected speech.

On appeal, Thompson claims that he cannot be convicted under the Cleveland Heights ordinance because state courts have never cured its unconstitutional overbreadth. *Karlan* failed to cure the overbreadth, Thompson argues, because it came almost three years after his verbal onslaught of July 24, 1971, and because by concerning only the Cincinnati ordinance it neither "authoritatively construed," *Gooding v. Wilson,* 405 U.S. 518, 520, 522, 92 S.Ct. 1103, 1105, 1106, 31 L.Ed.2d 408 (1972), nor "limit[ed] or properly define[d]," *Lewis v. New Orleans,* 415 U.S. 130, 133, 94 S.Ct. 970, 972, 39 L.Ed.2d 214 (1974), nor gave a "satisfactory limiting construction" to, *Plummer v. City of Columbus,* 414 U.S. 2, 94 S.Ct. 17, 38 L.Ed.2d 3 (1973), the Cleve-

---

1. Cleveland Heights had a similar ordinance as early as 1933. See *City of Cleveland Heights v. Christie,* 128 Ohio St. 297, 190 N.E. 770 (1934).

2. Respondents-appellees have never challenged Thompson's allegation as to the sentence, fine and court costs, in his petition for writ of habeas corpus, but we have found nothing in the habeas record verifying Thompson's statement.

land Heights ordinance. Even if the ordinance had been properly limited, Thompson claims that the writ should have been granted because the municipal court judge never instructed the jury that it could convict only if it found Thompson's words to have been constitutional "fighting words," *Chaplinsky v. New Hampshire*, 315 U.S. 568, 62 S.Ct. 766, 86 L.Ed. 1031 (1941).

We sustain the denial of habeas corpus.

■ Respondents-appellees, properly we think, make no assertion that the ordinance is sufficiently narrow on its face. Facially, and as "limited" by the state court of appeals' journal entry in Thompson's direct appeal, the ordinance remains constitutionally overly broad. See, e. g., *Lewis, supra; Plummer, supra; Gooding, supra.* Even though Thompson's words "might have been constitutionally prohibited under a narrowly and precisely drawn" ordinance, Thompson may still challenge the overbreadth of the ordinance to protect "the transcendent value to all society of constitutionally protected expression," lest "persons whose expression is constitutionally protected . . . refrain from exercising their rights for fear of criminal sanctions provided by [an ordinance] susceptible of application to protected expression." *Lewis, supra*, 415 U.S. at 133–134, 94 S.Ct. at 972–973, 39 L.Ed.2d at 219, quoting *Gooding, supra*, 405 U.S. at 520–521, 92 S.Ct. at 1105. Accord, e. g., *Walker v. Dillard*, 523 F.2d 3 (4th Cir., filed July 10, 1975).

■ That the narrowing construction came three years after the verbal onslaught, however, does not preclude the construction from curing the unconstitutional overbreadth, *United States v. Thirty-seven Photographs*, 402 U.S. 363, 375 n. 3, 91 S.Ct. 1400, 1408 n. 3, 28·L.Ed.2d 822 (1971); *Dombrowski v. Pfister*, 380 U.S. 479, 491 n. 7, 85 S.Ct. 1116, 1123 n. 7, 14 L.Ed.2d 22 (1965); *Poulos v. New Hampshire*, 345 U.S. 395, 73 S.Ct. 760, 97 L.Ed. 1105 (1953); cf. *Shuttlesworth v. City of Birmingham*, 394 U.S. 147, 155, 89 S.Ct. 935, 22 L.Ed.2d 162 (1969); *Deeds v. Beto*, 353 F.Supp. 840, 842 (N.D.Tex.1973); see *Lewis, supra*, provided the ordinance prior to the narrowing construction "afford[ed] fair warning to the defendants." *Lanzetta v. New Jersey*, 306 U.S. 451, 59 S.Ct. 618, 83 L.Ed. 888 (1939); *Bouie v. Columbia*, 378 U.S. 347, 84 S.Ct. 1697, 12 L.Ed.2d 894 (1964); *Locke v. Rose*, 514 F.2d 570, 572 n. 3 (6th Cir.), rev'd on other grounds, 423 U.S. 48, 96 S.Ct. 243, 46 L.Ed.2d 185 (1975).

*Karlan*, then, could have cured the unconstitutional overbreadth, notwithstanding it was decided almost three years after Thompson's verbal onslaught. The issue, then, is whether *Karlan* did, in fact, cure the unconstitutional overbreadth. Thompson argues that only an "authoritative constru[ction]" or "narrowing state court interpretation" of the particular Cleveland Heights ordinance could cure its unconstitutional overbreadth. Respondents just as adamantly argue that the narrowing construction of the "almost identical" Cincinnati ordinance cured the unconstitutional overbreadth. Though neither Thompson nor respondents have cited a case expressly holding that a construction of an "almost identical" ordinance, or statute, can or cannot sufficiently cure the unconstitutional overbreadth of the particular ordinance, or statute, in question, *Wright v. City of Montgomery*, 406 F.2d 867, 874, 875 (5th Cir. 1969), *vacated on other grounds*, 401 U.S. 989, 91 S.Ct. 1218, 28 L.Ed.2d 528 (1971), recognized that state court constructions of "similar" and "substantially identical" ordinances cured unconstitutional overbreadth. A district court expressly adopted respondents' view in *Pritikin v. Thurman*, 311 F.Supp. 1400, 1401 (S.D.Fla.1970).

"[W]hile the Florida courts have not considered this ordinance, the construction they may have placed on ordinances or statutes similar to the one at bar are binding on this court just as if those words had been written into the ordinance itself. . . ."

Accord, *Livingston v. Garmire*, 308 F.Supp. 472, 474 (S.D.Fla.1970), aff'd, 437 F.2d 1050 (5th Cir.), *opinion withdrawn on other grounds*, 442 F.2d 1322 (5th Cir. 1971).

In addition to *Karlan*, Ohio appellate courts have narrowly construed "similar" disorderly conduct ordinances in *Columbus v. Schwarzwalder*, 39 Ohio St.2d 61, 313 N.E.2d 798 (1974), and *City of Kent v. Kelley*, 44 Ohio St.2d 43, 337 N.E.2d 788 (1975).

■ Finally, Thompson claims that the municipal judge failed to instruct the jury that it could convict only for constitutional "fighting words." If we had before us a transcript demonstrating that the jury was not so instructed, we would hold that the writ should have been granted because of the possibility that the jury convicted Thompson for protected speech. See *State v. Schwing*, 42 Ohio St.2d 295, 306, 328 N.E.2d 379 (1975); cf. *Shuttlesworth v. City of Birmingham*, 382 U.S. 87, 92, 86 S.Ct. 211, 15 L.Ed.2d 176 (1965); *Terminiello v. City of Chicago*, 337 U.S. 1, 69 S.Ct. 894, 93 L.Ed. 1131 (1949). However, in the absence of a transcript of the court's instructions to the jury, and according to the state proceedings the presumption of regularity to which they are entitled, we have no alternative but to hold that Thompson has failed in carrying his burden of proving that the jury was not properly instructed. *Allen v. Perini*, 424 F.2d 134, 138 (6th Cir.), *cert. denied*, 400 U.S. 906, 91 S.Ct. 147, 27 L.Ed.2d 143 (1970); *Phillips v. Black*, 367 F.Supp. 774 (E.D.Ky.1973), *aff'd*, 497 F.2d 924 (6th Cir. 1974); *Goins v. Brierley*, 464 F.2d 947 (3rd Cir. 1972).

■ The responsibility of placing the charge before us was that of the appellant, and it would seem improper to place the onus of his not having done so on the appellees in this habeas corpus proceeding which attacks a judgment of conviction arising from a trial which was held more than four and one-half years ago.

Affirmed.

McCREE, Circuit Judge (dissenting).

I respectfully dissent. Petitioner was convicted of violating an ordinance which, as the majority opinion recognizes and appellees concede, is unconstitutionally overbroad not only on its face, but also as it was construed by the state court of appeals when it heard petitioner's appeal in 1973. I do not think that the "presumption of regularity" can be stretched far enough to support the majority's holding that the municipal court judge gave an instruction at petitioner's trial in 1972 that was limited to fighting words as required by the Constitution. I find it impossible to presume that the municipal judge anticipated by almost three years the construction given in 1974 to a similar ordinance by the state supreme court, which in 1973 had dismissed petitioner's appeal *sua sponte* because "no substantial constitutional question exists herein."

I would remand to permit the district court to conduct an evidentiary hearing to determine what instruction was given to the jury. If it cannot be established that the overbroad ordinance was given a narrowing instruction as required by the Constitution, I would grant the writ.