645 P.2d 1282

The STATE of Arizona, Petitioner,

v.

The Honorable James C. CARRUTH, The Honorable John G. Hawkins, The Honorable Michael J. Brown, Judges of the Superior Court, Division V, XVII and IX, respectively, in and for the County of Pima, State of Arizona, Respondents,

and

Ramon C. Rodriguez, Gabriel Valenzuela, and Carmen R. Camacho, Defendants/Real Parties in Interest.

Nos. 2 CA–CIV 4403—2 CA–CIV 4406 and 2 CA–CIV 4420.

Court of Appeals of Arizona, Division 2.

May 21, 1982.

Stephen D. Neely, Pima County Atty. by Michael Evan Owen, Tucson, for petitioner.

Frederic J. Dardis, Pima County Public Defender by Margarita B. Bernal and Steven Gaffin, Tucson, for defendants/real parties in interest.

## OPINION

BIRDSALL, Judge.

The respondent courts each dismissed criminal charges against the real parties in interest on the grounds that A.R.S. § 13–3403(A)(1) is unconstitutional. The petitioner, State of Arizona, has filed these special actions challenging those rulings. We agree that the prosecutions were dismissed without legal basis, and assume jurisdiction since multiple cases are involved and the state's remedy by appeal would be inadequate.

The statute prohibits what is commonly called "glue sniffing." It provides, in material part:

"A. A person shall not knowingly:

1. breath, inhale, or drink a vapor-releasing substance containing a toxic substance."

"Vapor-releasing substance containing a toxic substance" is defined in A.R.S. § 13–3401(26).

The respondent courts found this language vague and overbroad and therefore unconstitutional. They also implicitly must have found that the criminal defendants had standing to raise the constitutional issue. We find all of these legal conclusions unwarranted.

■ A statute defining a criminal offense is not vague, in violation of constitutional due process, if it can be understood by a person of average intelligence. It must give sufficient warning to the public to allow persons to conform their conduct accordingly. *State v. Darby*, 123 Ariz. 368, 599 P.2d 821 (1979); *Coates v. Cincinnati*, 402 U.S. 611, 91 S.Ct. 1686, 29 L.Ed.2d 214 (1971).

■ We seriously doubt that the respondent courts actually believed the statute to

be vague—we suspect that term was unintentionally used with the description "overbroad" because counsel for the real parties in interest use the terms together and even interchangeably. We do not believe any reasonable person could find the statute to be vague. It prohibits knowingly breathing, inhaling or drinking a vapor-releasing substance containing a toxic substance as defined in the chapter.

We believe the trial courts were more concerned, as we are, with the contention that the language of the statute is too broad, i.e., that "innocent" activity is prohibited by its language. The real parties in interest argue, for example, that the statute could cover a painter working inside a home who is unable to avoid breathing toxic paint vapors, a person assembling a model airplane with glue containing a toxic substance or a person spray painting a sign.

■ This argument is not available to these defendants. Unless the challenged legislation, by its terms, regulates the exercise of first amendment rights, its constitutionality may not be challenged on the ground that it might apply to parties not before the court. *Broadrick v. Oklahoma*, 413 U.S. 601, 93 S.Ct. 2908, 37 L.Ed.2d 830 (1973); *See*, Annotation, "Supreme Court's views as to overbreadth of legislation in connection with first amendment rights," 45 L.Ed.2d 725 (1976). Many cases hold that a statute containing language offensive to the rights of free speech or assembly may be challenged, even though the litigants' own personal rights are not abridged, because of the chilling effect the statute may have on others. *See Doran v. Salem Inn, Inc.*, 422 U.S. 922, 95 S.Ct. 2561, 45 L.Ed.2d 648 (1975); *Plummer v. Columbus*, 414 U.S. 2, 94 S.Ct. 17, 38 L.Ed.2d 3 (1973); *Grayned v. Rockford*, 408 U.S. 104, 92 S.Ct. 2294, 33 L.Ed.2d 222 (1972); *Gooding v. Wilson*, 405 U.S. 518, 92 S.Ct. 1103, 31 L.Ed.2d 408 (1972); *Bigelow v. Virginia*, 421 U.S. 809, 95 S.Ct. 2222, 44 L.Ed.2d 600 (1975). Although the doctrine has arguably been used in at least one case where a

statute facially prohibited constitutionally protected activity not within the express scope of the first amendment, *See Eisenstadt v. Baird*, 405 U.S. 438, 92 S.Ct. 1029, 31 L.Ed.2d 349 (1972) (right of privacy), it is clear that the "innocent" activity regulated by the overbreadth of the statute must, at least, be activity protected by the Bill of Rights. *Dandridge v. Williams*, 397 U.S. 471, 90 S.Ct. 1153, 25 L.Ed.2d 491 (1970).

■ The breathing of toxic vapors is not constitutionally protected by the first amendment or any other provision of the Bill of Rights. The real parties in interest make no claim that they have been innocently ensnared by an overbroad statute. They do not claim to be painters or builders of model airplanes. The facts giving rise to probable cause in their cases show generally holding paint soaked socks to their faces, open paint cans but no painting activity, breath reeking of paint fumes, and a car occupied by two of the defendants, parked near midnight, with paint soaked rags, open paint cans and signs of intoxication.

The real parties in interest have no standing to test the constitutionality of the statute. When, if ever, the painter or the model enthusiast is charged with criminal activity, then the validity of the statute, as applied to that person, may be scrutinized. Because this is an ordinary criminal statute, however, even a successful challenge by the painter or model builder would not affect the validity of the statute as it applies to these defendants, whose activity is clearly within the state's constitutional power to prohibit. *Broadrick v. Oklahoma*, 413 U.S. at 613–615, 93 S.Ct. at 2917–2918, 37 L.Ed.2d at 841–842.

The orders of the respondent court dismissing the criminal causes in the five consolidated cases before us are hereby vacated, and the charges are reinstated.

HOWARD, C. J., and HATHAWAY, J., concur.