660 P.2d 863

The STATE of Arizona, Appellee,

v.

James Preston TAYLOR, Appellant.

No. 2 CA–CR 2609.

Court of Appeals of Arizona,
Division 2.

Nov. 19, 1982.

Rehearing Denied Jan. 14, 1983.

Review Denied March 1, 1983.

Robert K. Corbin, Atty. Gen. by Bruce M. Ferg, Asst. Atty. Gen., Tucson, for appellee.

Sevrin J. Huselid, Globe, for appellant.

## OPINION

BIRDSALL, Judge.

The appellant was convicted of kidnapping, aggravated assault and sexual assault, all with the same victim and all on August 7, 1981. He was sentenced to two 20-year and one 3-year concurrent terms of imprisonment.

In this appeal the appellant makes the following contentions:

1) That the kidnapping statutes A.R.S. §§ 13–1304 and 13–1301 are unconstitutional;

2) That the trial court erred in permitting the state to call an undisclosed expert witness in rebuttal;

3) That the trial court should have given two of his requested instructions, and

4) Error occurred in the court's finding on the allegation of his prior felony conviction.

We affirm.

The appellant and the victim, a 15-year-old girl, met at a party in Globe. The victim accepted the appellant's offer to give her a ride home. He did not take her home, but rather drove into the country where he raped her and committed other sexual assaults upon her, all under threats to shoot her if she did not cooperate.

### The Kidnapping Statutes

The appellant was charged and convicted of a violation of A.R.S. § 13–1304, the applicable parts of which provide:

"A. A person commits kidnapping by knowingly restraining another person with the intent to:

3. Inflict ... a sexual offense on the victim...."

In addition the following definition of "restrain" appears in A.R.S. § 13–1301(2):

" 'Restrain' means to restrict a person's movements without consent, without legal authority, and in a manner which interferes substantially with such person's liberty, by either moving such person from one place to another or by confining such person. Restraint is without consent if it is accomplished by:

(a) Physical force, intimidation or deception; or

(b) Any means including acquiescence of the victim if the victim is a child less than eighteen years old or an incompetent person and the victim's lawful custodian has not acquiesced in the movement or confinement."

No evidence showed that the victim's parents had acquiesced. So far as they knew, their daughter had gone to a movie and was due home at midnight.

The appellant claims that this statutory definition of without consent makes the statutes overbroad and void for vagueness. His arguments as to both of these claims center on that part of the definition which, in effect, says if the victim is under 18 and her custodian has not consented it is not necessary to show force, intimidation or deception for the restraint to be "without consent"; that is, that the requirement of "without consent" is satisfied upon proof of the victim's age unless the custodian has acquiesced.

In order to determine if this language is vague, and therefore in violation of constitutional due process, we must ask if it can be understood by a person of average intelligence. Does it give sufficient warning that a crime will result from the proscribed conduct? *State v. Carruth,* 132 Ariz. 368, 645 P.2d 1282 (App.1982); *State v. Darby,* 123 Ariz. 368, 599 P.2d 821 (App.1979). In the instant case the appellant both moved and confined the victim in his automobile with the intent to inflict a sexual offense. She was 15 years old and her parents had not acquiesced. A person of average intelligence should be able to realize, and have sufficient warning, that this conduct is a violation of the statute.

In his overbreadth argument, the appellant contends that the statute permits the regulation of conduct which should not be a crime. He dwells on the fact that restraint without consent is defined as the acquiescence of the victim if under 18. The appellant has no standing to make this argument, *State v. Carruth,* supra. Even if he did, the complaint is quickly answered by reference to A.R.S. § 13–1304 which makes such "restraint" criminal only if one of the requisite intents is present, in this case, intent to commit a sexual offense. Put another way, the definition statute, A.R.S. § 13–1301, does not purport to define a crime, or to prohibit conduct, it only serves to provide definitions for words employed in the kidnapping chapter. The statute is no more overbroad than it is vague.

### The Late Witness

The state was permitted to call a clinical psychologist to testify in abstract terms to possible reactions to trauma. The state's excuse for not disclosing this witness earlier was that it did not realize consent was claimed as a defense since the appellant had not disclosed defenses pursuant to Rule 15.2(b), 17 A.R.S., Rules of Criminal Procedure. The prosecutor notified the appellant's counsel of the new witness the day before trial. However, this still allowed at least four days during trial for possible interviews and other preparation. We find no error in the court's refusal to preclude the witness. *See State v. Robinson,* 127 Ariz. 324, 620 P.2d 703 (App.1980).

### Instructions

The appellant requested the following two instructions:

" # 16. The absence of consent is necessary for the crime of rape (sexual assault).

Where the resistance is genuine and vigorous in the beginning, if the physical contact arouses the passion of the woman to the extent that she willingly yields herself to the sexual act before penetration has been accomplished, it is not rape (sexual assault).

# 17. In the absence of intimidation, the female must resist to the utmost of her ability and such resistance must continue until the offense is complete, or it is not rape (sexual assault)."

The trial court refused to give these. The first sentence of 16 was covered in the instructions that were given. The appellant now argues reversible error for refusing the remainder of the instructions. The appellant is wrong. Although these instructions correctly stated former law, *see* former A.R.S. § 13–611; *State v. Denton,* 101 Ariz. 455, 420 P.2d 930 (1966); *Reidhead v. State,* 31 Ariz. 70, 250 P. 366 (1926), our current statute defining rape (sexual assault), A.R.S. § 13–1406 provides:

"A person commits sexual assault by intentionally or knowingly engaging in sexual intercourse or oral sexual contact with any person not his or her spouse without consent of such person."

"Without consent" is defined in A.R.S. § 13–1401:

" 'Without consent' means any of the following:

(a) The victim is coerced by the immediate use or threatened use of force against a person or property.

(b) The victim is incapable of consent by reason of mental disorder, drugs, alcohol, sleep or any other similar impairment of cognition and such condition is known or should have reasonably been known to the defendant.

(c) The victim is intentionally deceived as to the nature of the act.

(d) The victim is intentionally deceived to erroneously believe that the person is the victim's spouse."

Nowhere does our new code contain any reference to resistance. Those provisions in former A.R.S. § 13–611 which defined rape as:

"3) where the female resists, but her resistance is overcome by force or violence, and

4) where the female is prevented from resisting by threats of immediate and great bodily harm . . ."

are not included in the new code. The law contained in the appellant's requested instructions is no longer viable.

*Prior Conviction*

 The appellant claims some defect in the disposition of the prior allegation. He had been convicted of aggravated assault on October 26, 1981, and admitted this in open court while testifying. In the court's signed minute entry judgment and sentence the court finds that these offenses were repetitive and refers to the prior felony conviction. This is all that was required. *State v. Hannah,* 126 Ariz. 575, 617 P.2d 527 (1980); A.R.S. § 13–604(K). Cf. *State v. Rodriguez,* 126 Ariz. 104, 612 P.2d 1067 (App.1980).

Affirmed.

HOWARD, C.J., and HATHAWAY, J., concur.