Fred GOINS, C–9176, Appellant,

v.

Joseph R. BRIERLEY.

No. 71–1981.

United States Court of Appeals, Third Circuit.

Submitted June 23, 1972.

Decided July 19, 1972.

Fred Goins, in pro per.

J. Kent Culley, Asst. Dist. Atty., Appeals Section, Allegheny County, Pittsburgh, Pa., for appellee.

Before ALDISERT, JAMES ROSEN and HUNTER, Circuit Judges.

OPINION OF THE COURT

PER CURIAM:

In this habeas corpus petition relator Fred Goins has alleged that his convic-

tions in 1947 for nine separate charges of burglary and receiving stolen goods were invalid since they were based on an involuntary confession.

When relator first filed his petition in the federal District Court it was dismissed as moot since relator was no longer imprisoned on the 1947 sentences but was held in connection with subsequent unrelated convictions. On appeal, by order dated October 8, 1970, we vacated the District Court's order and remanded the case for reconsideration in the light of our decision in United States ex rel. Di Rienzo v. New Jersey, 423 F.2d 224 (3d Cir. 1970). That decision, as here applied, would allow the federal court to inquire into the constitutionality of the 1947 conviction if, under state law, relator would receive credit on his present sentence for time served on the earlier sentences now alleged to be invalid.

■ On remand, the District Court determined that under Pennsylvania law relator would be entitled to credit for time served under the 1947 sentences, in the event that the federal court held those sentences invalid. Goins v. Brierley, 327 F.Supp. 448 (W.D.Pa.1971). The Commonwealth does not contest that holding. Thus the District Court had jurisdiction to review the 1947 convictions.

The grounds for relator's petition are his allegations that after his arrest in 1947 he was beaten by Pittsburgh police with blackjacks, clubs, and fists; that as a result of the beating he confessed his guilt; that the confession was used against him at his trial, over his objection; and that he was not afforded a separate hearing to determine the voluntariness of his confession.[1] These same allegations were made in the Pennsylvania courts in connection with a petition for a writ of habeas corpus filed there by relator in 1965. Hearings were held before President Judge Ellenbogen of the Court of Common Pleas of Allegheny County, during which hearings relator testified as to the beating by the police, the confession, and its use at his trial. Judge Ellenbogen did not find relator's testimony credible.

■ The District Court in this present federal action reviewed the testimony in the Pennsylvania hearings and, in addition, conducted its own hearing. The District Court also found relator's testimony unworthy of belief.[2]

The state was able to produce no evidence relating to the alleged confession. It was represented that the trial judge, the prosecutor, and the court reporter who took part in the trial in 1947 are deceased; that defense counsel cannot remember the case; that there is no available transcript, nor is it likely that one was filed since no appeal was taken in 1947; that the files of the Police Department and the District Attorney's Office have been searched thoroughly and no sign of the alleged confession has been found.

The result is that there is absolutely no credible evidence that a confession was used in relator's 1947 trial. The question before us is upon which party the burden of proof lies with respect to this factual issue.

The Commonwealth concedes *arguendo* that if relator had proven that a confession had been admitted into evidence at his trial, it would have been fair to place upon the Commonwealth the burden of proving that the confession had been voluntary.[3] The Commonwealth argues,

---

1. See Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964). The *Jackson* requirement of a separate hearing on the voluntariness of a confession is to be applied retroactively. Johnson v. New Jersey, 384 U.S. 719, 727–729, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966).

2. As the finder of the fact the District Court was not required to believe the un-

corroborated testimony of relator, even though no evidence to contradict his testimony was produced. Hawk v. Olson, 326 U.S. 271, 279, 66 S.Ct. 116, 90 L.Ed. 61 (1945).

3. Such was the holding in Commonwealth ex rel. Butler v. Rundle, 429 Pa. 141, 239 A.2d. 426 (1968). *See* Lego v. Twomey, 404 U.S. 477, 92 S.Ct. 619, 30

however, that where a habeas corpus petitioner contends that his trial was invalid since it was based upon an involuntary confession, the burden should be upon the petitioner to prove that a confession was used in the trial. We agree.

■ It is well established that a federal habeas corpus petitioner generally has the burden of proving facts entitling him to a discharge from custody.[4] With respect to certain factual issues, the burden of proof may be shifted to the state because of specific policy considerations or because the available evidence is likely to be in the hands of the state. This, however, is not such a case.

■ We find no reason to require that where a petitioner proves only that he is imprisoned for a conviction following trial, the state must then come forward with proof that at the trial no confession was admitted as evidence. At least in circumstances like those of the present case, where the trial occurred many years ago, where the participants in that trial are dead or can remember nothing of the trial, where no reports of testimony of the trial can be found, and where a search has revealed no sign of the alleged confession, the burden must be placed upon the petitioner to prove by

credible evidence that some form of confession was used in his trial.

The District Court's order denying the writ will be affirmed.

L.Ed.2d 618 (1972), holding that where the prosecution wishes to use the accused's confession against him at his trial, "the prosecution must prove at least by a preponderance of the evidence that the confession was voluntary." 404 U.S. at 489, 92 S.Ct. at 627. *See also* Developments in the Law—Confessions, 79 Harv. L.Rev. 935, 1969–72 (1966) ; cf. III Wigmore on Evidence § 860 (Chadbourn rev. 1970).

4. *E. g.*, Johnson v. Zerbst, 304 U.S. 458, 468–469, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938) ; Walker v. Johnston, 312 U.S. 275, 286–287, 61 S.Ct. 574, 85 L.Ed. 830 (1941) ; Hawk v. Olson, 326 U.S. 271, 279, 66 S.Ct. 116, 90 L.Ed. 61 (1945) ; Darr v. Burford, 339 U.S. 200, 218–219, 70 S.Ct. 587, 94 L.Ed. 761 (1950) ; Brown v. Allen, 344 U.S. 443, 458 n. 6, 73 S.Ct. 397, 97 L.Ed. 469 (1953) ; Kitchens v. Smith, 401 U.S. 847, 91 S.Ct.

1089, 28 L.Ed.2d 519 (1971) ; Bolton v. Harris, 130 U.S.App.D.C. 1, 395 F.2d 642, 653 (1968) ; Ellis v. Maine, 448 F.2d 1325 (1st Cir. 1971) ; United States ex rel. Schuster v. Herold, 410 F.2d 1071, 1085 (2d Cir.), cert. denied, 396 U.S. 847, 90 S.Ct. 81, 24 L.Ed.2d 96 (1969) ; United States ex rel. Darrah v. Brierley, 415 F.2d 9, 13 (3d Cir. 1969) ; Hall v. Warden, 313 F.2d 483, 487 (4th Cir.), cert. denied, Pepersack v. Hall, 374 U.S. 809, 83 S.Ct. 1693, 10 L.Ed.2d 1032 (1963) ; Walker v. Beto, 387 F.2d 626 (5th Cir. 1967) ; Allen v. Perini, 424 F.2d 134, 138 (6th Cir.), cert. denied, 400 U.S. 906, 91 S.Ct. 147, 27 L.Ed.2d 143 (1970) ; Harris v. Tahash, 353 F.2d 119, 123 (8th Cir. 1965) ; Schlette v. California, 284 F.2d 827, 833–834 (9th Cir. 1960), cert. denied, 366 U.S. 940, 81 S.Ct. 1664, 6 L.Ed.2d 852 (1961) ; Beeler v. Crouse, 332 F.2d 783 (10th Cir. 1964).