Joe Aragon MARTINEZ, Petitioner-Appellant,

v.

UNITED STATES of America, Respondent-Appellee.

No. 72-1090.

United States Court of Appeals, Tenth Circuit.

Aug. 1, 1972.

Marc Prelo, Asst. Federal Public Defender, for petitioner-appellant.

Richard J. Smith, Asst. U. S. Atty. (Victor R. Ortega, U. S. Atty., and Ruth C. Streeter, Asst. U. S. Atty., on the brief), for respondent-appellee.

Before BREITENSTEIN, BARRETT and DOYLE, Circuit Judges.

WILLIAM E. DOYLE, Circuit Judge.

Appellant's petition, filed pursuant to 28 U.S.C. § 2255, questioning the validity of a sentence imposed in 1966 was denied by the district court. Reversal and remand for resentence in the light of subsequent decisions of the Supreme Court is here sought.

In May of 1966 appellant was found guilty on each of two counts of an indictment which charged (1) violation of 26 U.S.C. 4744(a), unlawful possession of marijuana, and (2) unlawful transfer of marijuana without proper order

forms contrary to 26 U.S.C. 4742(a). Following conviction the government filed a second offender information pursuant to 26 U.S.C. 7237(c). Thereafter, the court imposed a sentence of 12 years on each count—the sentences to run concurrently.

The focal point in this appeal proceeding is the retroactivity of Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969) and, secondly, whether the sentence is prejudicial and invalid. Appellant contends that both his 1956 conviction and the Section 4744 conviction from 1966 are void, and that this requires that he be resentenced under the remaining 1966 conviction.

The retroactivity of *Leary* is no longer a question. This matter has been put to rest by the Supreme Court in United States v. United States Coin and Currency, 401 U.S. 715, 91 S.Ct. 1041, 28 L. Ed.2d 434 (1971), which held that a defense based on a principle identical to that in *Leary* was retroactive in a forfeiture proceeding. This position was fortified in United States v. Tucker, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972).

Finally, the matter was brought home to this court in unmistakable terms in Colton v. United States, 403 U.S. 916, 91 S.Ct. 2235, 29 L.Ed.2d 693 (1971), reversing this court's unpublished per curiam opinion in No. 413–70, Colton v. United States. The *Colton* case involved a § 4744(a) charge wherein we had held that failure to assert the privilege against self-incrimination resulted in its waiver. The Supreme Court summarily remanded for reconsideration "in light of this Court's decisions in United States v. United States Coin and Currency * * * and Leary v. United States * * *."

Thus, it is clear that the *Leary*-type convictions are invalid and cannot be considered in pronouncing sentence.

On the government's contention that defendant is not prejudiced because the sentence was within authorized limits the statement of Mr. Justice Stewart

writing for the majority in *Tucker, supra,* is pertinent:

It is surely true, as the government asserts, that a trial judge in the federal judicial system generally has wide discretion in determining what sentence to impose. It is also true that before making that determination, a judge may appropriately conduct an inquiry broad in scope, largely unlimited either as to the kind of information he may consider, or the source from which it may come. [citing cases] The government is also on solid ground in asserting that a sentence imposed by a federal district judge, if within statutory limits, is generally not subject to review. [citing cases]

But these general propositions do not decide the case before us. For we deal here not with a sentence imposed in the informed discretion of a trial judge, but with a sentence founded at least in part upon misinformation of constitutional magnitude. As in Townsend v. Burke, 334 U.S. 736, 68 S.Ct. 1252, 92 L.Ed. 1690, 'this prisoner was sentenced on the basis of assumptions concerning his criminal record which were materially untrue.' *Id.,* at 741, 68 S.Ct., at 1255. The record in the present case makes evident that the sentencing judge gave specific consideration to the respondent's previous convictions before imposing sentence upon him. Yet it is now clear that two of those convictions were wholly unconstitutional under Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799. (footnotes omitted) 404 U.S., at 446, 92 S.Ct., at 591–592.

We cannot presume that the trial court ignored the 1956 conviction although the record is silent on this. On the contrary, the probabilities are that he took it into account, since a second offense charge had been filed. The question can be answered only by remanding for the purpose of resentencing.

The judgment is reversed and the cause is remanded with directions to the district court to vacate the sentence heretofore imposed and to resentence the accused on Count 2 of the indictment only, without reference to the 1956 conviction.