392 A.2d 836

COMMONWEALTH of Pennsylvania

v.

Craig BAILEY, Appellant.

Superior Court of Pennsylvania.

Submitted June 23, 1977.

Decided Oct. 20, 1978.

John W. Packel, Assistant Public Defender, and Benjamin Lerner, Defender, Philadelphia, for appellant.

Michael R. Stiles, Assistant District Attorney, and F. Emmett Fitzpatrick, District Attorney, Philadelphia, for Com., appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PRICE, Judge:

This appeal is from the order of the lower court refusing to modify appellant's sentence to provide credit for time served prior to the conviction. The Commonwealth concedes that appellant is entitled to the credit.

The following facts are relevant to this appeal. In July 1968 appellant was arrested and charged with robbery. Apparently, he was released on bail pending trial. He was rearrested on February 20, 1970, and has been in custody since that date. On July 16, 1970, appellant was charged with three counts of prison riot, stemming from an incident which occurred on July 4, 1970. On December 15, 1970, appellant was sentenced to five to ten years imprisonment on the original robbery conviction. Appellant was subsequently convicted and sentenced on the homicide and prison riot charges. The homicide conviction was reversed by the supreme court, *Commonwealth v. Bailey*, 460 Pa. 498, 333 A.2d 883 (1975), and the charge was nol prossed. Appellant was paroled on the robbery conviction on October 21, 1975, and began serving the two to five year term of imprisonment for prison riot.

Appellant contends that he is entitled to credit on the riot sentence for time served from July 16, 1970, the date on which he was charged with that offense, to December 15,

1970, the date on which he commenced his sentence for robbery.

In *Commonwealth ex rel. Ulmer v. Rundle*, 421 Pa. 40, 218 A.2d 233 (1966), the defendant, while on parole for a 1959 conviction, committed two burglaries which constituted parole violations. He was sentenced to a one and one-half to three year term of imprisonment on each charge. Parole was also revoked, and appellant was sentenced to serve the remaining portion of the unexpired term. On appeal from the denial of a habeas corpus petition, the 1959 conviction was held to have been illegal because appellant had not been represented by counsel. The court concluded that the sentence on the burglary charges should date from the original commitment after arrest and therefore granted credit for the period served for the parole violation on the unconstitutional sentence.[1] We can perceive no reason for distinguishing *Ulmer* from the present situation. Therefore, we conclude that appellant is entitled to credit on the conviction at No. 885 December Term, 1970, for time served between July 16, 1970 and December 15, 1970.

The order of the lower court is reversed and the case remanded for further proceedings consistent with this opinion.

WATKINS, former President Judge, and HOFFMAN, J., did not participate in the consideration or decision of this case.

1. 18 Pa.C.S. § 1360(3) provides that:
   "If the defendant is serving multiple sentences, and if one of the sentences is set aside as the result of direct or collateral attack, credit against the maximum and any minimum term of the remaining sentences shall be given for all time served in relation to the sentence set aside since the commission of the offenses on which the sentences were based."
   This statute became effective on March 31, 1975. The supreme court decision reversing the homicide conviction was filed on March 18, 1975. Appellant argues that this section applies because the conviction was not finally set aside until the Commonwealth nol prossed the charge. We need not decide this issue because the same result is achieved under prior law.