Samuel **PORTILLO**, Petitioner-Appellant,

v.

**UNITED STATES of America,**
**Respondent-Appellee.**

No. 76–1834.

United States Court of Appeals,
Ninth Circuit.

Nov. 16, 1978.

Rehearing Denied Dec. 27, 1978.

Albert G. Freeman, Jr. (argued), Tucson, Ariz., for petitioner-appellant.

Gerald S. Frank, Asst. U. S. Atty. (argued), Tucson, Ariz., for respondent-appellee.

EN BANC

Before BROWNING, ELY, HUFSTED-LER, WRIGHT, TRASK, CHOY, GOODWIN, WALLACE, SNEED, KENNEDY and ANDERSON, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge:

This appeal from a denial of relief under 28 U.S.C. § 2255 (1970) raises the question: Did the sentencing judge improperly deny Portillo's § 2255 petition to amend a sentence allegedly enhanced by the judge's reliance on a prior conviction rendered invalid under the Fourth Amendment?

Following the calendaring of this appeal, the panel directed that submission be deferred, and the cause was submitted for en banc consideration, together with *Farrow v. United States*, No. 74-2429 (9th Cir. Sept. 24, 1976) (opinion withdrawn Apr. 14, 1977). In the en banc opinion in *Farrow v. United States*, 580 F.2d 1339 (9th Cir. 1978), we outlined the procedure to be followed by district courts when faced with a § 2255 motion alleging an impermissibly enhanced sentence under *United States v. Tucker*, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972), and affirmed the district court's denial of appellant's petition. For reasons related to those outlined in *Farrow*, we also affirm the district court's denial of § 2255 relief here.

FACTS

Portillo was arrested in Arizona in July 1971 on federal drug charges following a search of his vehicle near the international border. While at liberty on bond with his prosecution pending, he was arrested again on similar charges and a second prosecution commenced. After convictions on the first charges in December 1971, Judge Frey sentenced Portillo to concurrent terms of four and five years on two counts.

In January 1972, appellant pleaded guilty to one of the three counts pending in the second prosecution. The other counts were dismissed. Judge Meredith, visiting from the Eastern District of Missouri, sentenced him to a 15-year term to run consecutively with the sentences imposed by Judge Frey. Before imposing sentence, Judge Meredith reviewed the record of past convictions which included the December 1971 conviction:

THE COURT: And I believe Judge Frey on an unrelated case gave you two concurrent sentences of four and five years, is that right?

THE DEFENDANT: That's right, your Honor, he did.

Portillo's December 1971 conviction subsequently was reversed on constitutional grounds by this court. *United States v. Portillo*, 469 F.2d 907 (9th Cir. 1972). The court concluded that the vehicle search was not founded on probable cause and did not fall under the border search exception to the Fourth Amendment prohibition against unreasonable searches and seizures.

In January 1976, Portillo moved on due process grounds to vacate the sentence imposed by Judge Meredith, contending that the judge in sentencing had relied on the invalid prior conviction of December 1971 in violation of *United States v. Tucker*, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972). The motion was referred to Judge Meredith who denied Portillo's motion without an evidentiary hearing. The judge stated:

The presentence report submitted to this Judge by the District Court Probation Officer, contained some twenty-nine alleged offenses committed by Portillo since 1956. This bizarre and volatile criminal activity resulted in at least six felony convictions. When you reach these numbers, one more or less is hardly significant.

Accordingly, . . . this Judge was, and still is, of the opinion that regardless of the invalidity surrounding Cause No. CR71-426, the facts and circumstances surrounding this particular case dictate fifteen years to be the appropriate sentence for this particular conviction. Thus, no singular prior conviction or materially false assumption, enhanced this

petitioner's sentence. This Court finds no necessity to vacate petitioner's sentence and bring him back before this Court for resentencing.

## DISCUSSION

*Tucker* proscribed reliance on two prior convictions rendered invalid by *Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), to enhance the defendant's sentence. The Supreme Court noted that, although a trial judge "generally has wide discretion in determining what sentence to impose . . . [and] may appropriately conduct an inquiry broad in scope, largely unlimited either as to the kind of information he may consider, or the source from which it may come," 404 U.S. at 446, 92 S.Ct. at 591, *Tucker* imposes a stricter standard on sentencing judges. Some question remains, however, as to the applicability of *Tucker* to sentences enhanced by prior convictions invalidated on other than Sixth Amendment right to counsel grounds.

The *Tucker* Court declared that it was faced "not with a sentence imposed in the informed discretion of a trial judge, but with a sentence founded at least in part upon misinformation of constitutional magnitude." 404 U.S. at 447, 92 S.Ct. at 591–92. The Court continued that

the real question here is not whether the results of the Florida and Louisiana proceedings might have been different if the respondent had had counsel, but whether the sentence in the 1953 federal case might have been different if the sentencing judge had known that at least two of the respondent's previous convictions had been unconstitutionally obtained.

*Id.* at 448, 92 S.Ct. at 592.

Several circuits have taken this language as license to expand the availability of *Tucker* relief beyond the *Gideon* context to prior convictions invalidated on Fifth Amendment self-incrimination grounds. *See, e. g., Jefferson v. United States,* 488

F.2d 391, 393 (5th Cir. 1974); *Taylor v. United States,* 472 F.2d 1178, 1179–80 (8th Cir. 1973); *Martinez v. United States,* 464 F.2d 1289, 1290 (10th Cir. 1972).

Prior to our decision in *Tisnado v. United States,* 547 F.2d 452 (9th Cir. 1976), language used by this court in other opinions left some doubt whether, in an appropriate case, we would also apply *Tucker* to § 2255 petitions for relief from sentences enhanced by convictions invalidated on other than right to counsel grounds. In a case that dealt with invalid prior convictions under *Gideon,* this court concluded, seemingly without reservation,[1] that the Supreme Court in *Tucker* "ruled that any reliance upon an invalid prior conviction to enhance a criminal sentence is constitutionally impermissible." *Wheeler v. United States,* 468 F.2d 244 (9th Cir. 1972). In a more recent case, a *Tucker* violation is described, without apparent limitation, as occurring "when a defendant has sustained constitutionally invalid prior convictions, and a sentencing judge took them into consideration in sentencing with adverse effect upon the defendant." *Wilson v. United States,* 534 F.2d 130, 134 (9th Cir. 1976) (Hufstedler, J., dissenting).

In *Tisnado,* however, this court implied in dictum that a § 2255 claim based on a prior conviction invalidated on Fourth Amendment grounds would not fall under the *Tucker* rationale. The panel reasoned that *Stone v. Powell* [428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976)] makes it clear that all constitutional claims do not rest on identical considerations for all purposes. . . . We conclude . . that the Court's reasoning in that case which distinguishes fourth amendment from other constitutional claims on the basis of their effect on the integrity of the truthfinding process . . . is equally applicable in the *Tucker* setting. Accordingly, it now appears that it may be an unwarranted extension of *Tucker's*

---

1. The fact that two of Wheeler's prior convictions had been invalidated under *Gideon* appears only in a footnote. The text states simply that the convictions had been reversed on

"constitutional grounds." The statement of the holding of *Tucker* in the text is also generalized.

holding—which concerned a prior conviction that had been declared invalid due to a denial of the sixth amendment right to counsel—to suggest that prior convictions which are invalidated on fourth amendment grounds are also to be excluded from the consideration of the sentencing court. On the contrary, it is highly probable that a sentencing judge would continue to place great weight on a prior conviction even after discovering that it is infirm on fourth amendment grounds. Such a constitutionally invalid conviction is nonetheless probative evidence that the defendant has engaged in prior criminal conduct, and it has been held to be constitutionally permissible for similar information to be considered by the court in some sentencing contexts.

*Tisnado,* 547 F.2d at 458.[2]

Our opinion in *Farrow* might also be interpreted as limiting *Tucker* claims in this circuit to allegations of sentences impermissibly enhanced by convictions challenged only on Sixth Amendment right to counsel grounds. We concluded there that the first element in "[a] successful challenge to a presumptively valid sentence based on *Tucker* . . . [is] a prior conviction rendered invalid by *Gideon.*" at 1345.

It is not necessary for us to resolve the question whether *Tisnado* and *Farrow* preclude the application of *Tucker's* stricter sentencing standard here. Even if *Tucker* does apply to sentences enhanced by reliance on prior convictions invalid under the Fourth Amendment, it would be necessary for the § 2255 petitioner to establish enhancement of his sentence based on the invalid prior convictions before he would be entitled to relief.

Here, on the basis of the sentencing judge's review, we conclude that Portillo received the relief he sought in a manner meeting even the standards of *Tucker.* Judge Meredith reconsidered the sentence he had imposed and concluded that, even had he known of the invalidity of the December 1971 conviction, the sentence would have been the same. That is precisely the procedure we approved in *Farrow.* 580 F.2d at 1354. *See also Wilson v. United States,* 534 F.2d 130 (9th Cir. 1976); *Dukes v. United States,* 492 F.2d 1187 (9th Cir. 1974), and *United States v. Eidum,* 474 F.2d 581 (9th Cir. 1973).

---

**2.** *Tisnado* is factually distinguishable from the case before us. Tisnado petitioned for § 2254 habeas corpus and § 2255 sentence relief from prior state convictions allegedly invalid on Fourth Amendment grounds. His claim that he had been subjected to an unconstitutional search and seizure had been fully litigated in, and rejected by, the state courts. In light of *Stone v. Powell,* 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976), this court felt compelled to deny him the chance to relitigate his Fourth Amendment claim as a basis for his §§ 2254–2255 petitions in federal court.

By contrast, Portillo's Fourth Amendment challenge to a federal conviction had already been sustained prior to the bringing of this § 2255 petition. The court in *Tisnado* conceded that many related *Tucker* questions are not covered by the decision: "Our holding that the validity of a prior state conviction may not be relitigated on a fourth amendment ground in a *Tucker* context is a narrow one." 547 F.2d at 459 n.6.