422 A.2d 598

**COMMONWEALTH of Pennsylvania,**

v.

**Oscar WATERS, Appellant.**

Superior Court of Pennsylvania.

Submitted March 12, 1979.

Filed Oct. 24, 1980.

James L. Walsh, Harrisburg, for appellant.

Marion E. MacIntyre, Assistant District Attorney, Harrisburg, for Commonwealth, appellee.

Before CERCONE, President Judge, and WIEAND and HOFFMAN, JJ.*

CERCONE, President Judge:

This is an appeal by defendant Oscar Waters who was convicted by a jury of soliciting an undercover state trooper to commit voluntary deviate sexual intercourse. The state trooper testified that she engaged in two discussions with appellant, who was in an automobile, and these discussions had to do, in part, with sexual activity. Although appellant was arrested solely on a charge of criminal solicitation to commit prostitution (in the words of the criminal complaint), the information charged a second count as well, solicitation to commit voluntary deviate sexual intercourse. Appellant's first trial commenced before a jury on February 14, 1978, but was terminated by the court's declaration of a mistrial when the jury declared itself hopelessly deadlocked after two to three hours of deliberation. At the second trial, the jury found appellant guilty of the second count of the information.

Appellant's arguments are threefold: first, appellant argues that he was placed in double jeopardy as a result of the second trial; second, appellant maintains that a certain discussion at sidebar, with regard to the admissibility of a

* WIEAND, J., did not participate in the consideration or decision of this case.

defense exhibit, was incorrectly held off–the–record, thereby depriving appellate counsel of a full transcript of the trial proceedings upon which to base his appeal; and, third, appellant claims that the sections of the Crimes Code[1] dealing with voluntary deviate sexual intercourse are unconstitutional. We find it unnecessary to reach appellant's first two allegations of error because in view of the Pennsylvania Supreme Court's recent decision in *Commonwealth v. Bonadio*, 490 Pa. 91, 415 A.2d 47 (1980), which held the relevant sections of the Crimes Code unconstitutional, we will reverse.

In *Commonwealth v. Bonadio, supra,* the Supreme Court held that the statute prohibiting voluntary deviate sexual intercourse between unmarried partners is unconstitutional as a denial of equal protection.[2] As a majority of the Court stated the statute "offends the Constitution by creating a classification based on marital status (making deviate acts criminal only when performed between unmarried persons) where such differential treatment is not supported by a sufficient state interest and thereby denies equal protection of the laws." *Id.*, 490 Pa. at 98, 415 A.2d at 51. In denying that there is any justification for the creation of an exception for married people, whose exclusion is claimed to promote a state interest in the maintenance of the inherent privacy in the marital relationship, the Court said: "We do not find such a justification to be reasonable or to have a fair and substantial relation to the object of the

1. "A person who engages in deviate sexual intercourse under circumstances not covered by section 3123 of this title (relating to involuntary deviate sexual intercourse) is guilty of a misdemeanor of the second degree." Crimes Code, 18 Pa.C.S. § 3124 (1973).
" 'Deviate sexual intercourse.' Sexual intercourse per os or per anus between human beings, who are not husband and wife, and any form of sexual intercourse with an animal." *Id.* at § 3101 (1973).

2. Justice Flaherty indicated that he would also hold the statute unconstitutional as an improper exercise of police power: "Enactment of the Voluntary Deviate Sexual Intercourse Statute, despite the fact that it provides punishment for what many believe to be abhorrent crimes against nature and perceived sins against God, is not properly in the realm of the temporal police power." 490 Pa. at 96, 415 A.2d at 50. In this view he was alone.

legislation." *Id.*, 490 Pa. at 99, 415 A.2d at 51. The Court concluded by noting that the marital status of voluntarily participating adults bears no rational or logical relationship to whether a sexual act should or ·should not be legal.

■ Thus, since it has been determined that the statute under which appellant was convicted is constitutionally defective, this court must reverse the judgment of sentence and discharge appellant.[3]

Judgment of sentence is reversed and appellant is discharged.

**3.** Of course, we recognize that appellant was not charged with voluntary deviate sexual intercourse but, rather, with solicitation to commit that act. However, we think it clearly incongruous to suggest that appellant could be properly convicted of solicitation to commit an act which our legislature has not validly defined as criminal. Indeed, this conclusion is implicit in the sections dealing with "inchoate crimes" in general, and solicitation in particular. See Crimes Code, 18 Pa.C.S. §§ 902 & 904(b) (1973).