Edward THOMAS

v.

Charles ZIMMERMAN, Superintendent

and

The Attorney General of the State of Pennsylvania.

Edward THOMAS

v.

Charles ZIMMERMAN

and

The Attorney General of the State of Pennsylvania.

Civ. A. Nos. 83–0698, 83–0699.

United States District Court, E.D. Pennsylvania.

Feb. 29, 1984.

Edward Thomas, pro se.

Ann I. Keck, Asst. Dist. Atty., Lehigh County, Allentown, Pa., for defendant.

## MEMORANDUM

RAYMOND J. BRODERICK, District Judge.

Edward Thomas (Thomas), an inmate confined in the State Correctional Institute at Graterford, has filed two *pro se* petitions for writs of habeas corpus. The petition in No. 83–0699 attacks a conviction for voluntary deviate sexual intercourse upon which Thomas has completely satisfied the sentence imposed. The petition in No. 83–0698 attacks the convictions for robbery and related offenses for which he is presently incarcerated. Magistrate Peter B. Scuderi has issued a report with a recommendation that (1) the petition in No. 83–0699 be granted and Thomas' conviction for voluntary deviate sexual intercourse be voided and (2) the petition in No. 83–0698 also be granted, and that execution of the writ be stayed for 90 days so as to afford an opportunity to either re-sentence Thomas to reflect the time spent in custody as a pretrial detainee, or otherwise correct the records so as to give Thomas credit on his present sentence for time incarcerated as a pretrial detainee.

The Commonwealth has not filed any objections to the Magistrate's Report and Recommendation. Thomas has filed a "Request to Supplement" the Report and Recommendation, in which he requests that he be afforded "mandatory resentencing process" in connection with the writ in No. 83–0698, on the ground that the void prior conviction for voluntary deviate sexual intercourse influenced the imposition of his sentence in the robbery case. This Court agrees that Thomas' conviction attacked in No. 83–0699 must be vacated, and that he must be resentenced in connection with the conviction attacked in No. 83–0698. For the reasons set forth below, the Court will approve and adopt the Magistrate's Report and Recommendation as supplemented by the granting of Thomas' request for resentencing. The execution of the writ in No. 83–0699 will be stayed for 90 days so as to afford the Commonwealth an opportunity to arrange for the resentencing of Thomas on the robbery and related offenses without consideration of the voluntary deviate sexual intercourse conviction, with Thomas receiving credit on the new sentence for the time he was incarcerated as a pretrial detainee and the time he served on the voluntary deviate sexual intercourse conviction, together with the time he served on the sentences imposed on the robbery and related charges.

## I. *Background*

The Magistrate's Report sets forth a detailed account of the facts and procedural history of this case, which the Court will only summarize. On January 16, 1976, Thomas was incarcerated in Lehigh County Prison as a pretrial detainee on charges of burglary and receiving stolen property. On January 17, 1976, he allegedly committed an act of sodomy with another inmate. As a result, he was charged with simple assault, terroristic threats, and involuntary deviate sexual intercourse. On February 4, 1976, he pleaded not guilty to these latter three charges.

The charges upon which Thomas originally was detained at the Lehigh County Prison were dismissed. On March 10, 1976, he posted bail on the remaining three charges and was released pending trial. On May 8, 1976, while out on bail, Thomas was again arrested and charged with robbery, conspiracy, terroristic threats, and the commission of a crime with a firearm. He did not post bail on these new charges and was incarcerated pending trial.

Thomas was tried before a jury from September 14 to September 16, 1976, and was found not guilty of simple assault, terroristic threats, and involuntary deviate sexual intercourse in connection with the sodomy incident. Thomas was found guilty, however, of voluntary deviate sexual intercourse, a misdemeanor.

The court reporter's notes of the Court's jury charge were never transcribed and, in fact, were inexplicably destroyed. *See* N.T., P.C.H.A. Hearing, October 14, 1980, at 6–11. At a subsequent hearing, however, it was conceded that the trial judge, apparently believing *voluntary* deviate sexual intercourse to be a lesser-included offense of *involuntary* deviate sexual intercourse, charged the jury on both crimes. *See* N.T., P.C.H.A. Hearing, October 14, 1980, at 5–12.

On September 20, 1976, Thomas' counsel filed post-trial motions contending, *inter alia*, that the voluntary deviate sexual intercourse statute was unconstitutional. Shortly after Thomas' counsel filed the post-trial motions, he left the employ of the Public Defender's Office, and a second public defender was appointed to represent Thomas.

From September 20 to September 23, 1976, Thomas was tried before a jury on the robbery and related offenses. He was found guilty of all charges. He remained in custody from September of 1976 until June of 1977. On June 29, 1977, the post-trial motions filed in connection with the voluntary deviate sexual intercourse conviction were dismissed because his counsel either did not appear or was unprepared to argue on three occasions, and failed to file a brief in support of the motions. No appeal was taken, although, as shall be

discussed below, the record shows that Thomas expected his counsel to pursue the reinstatement of his post-trial motions and to arrange for the filing of a direct appeal.

On July 25, 1977, Thomas was sentenced on the voluntary deviate sexual intercourse conviction to a prison term of 11 to 23 months. He was given credit on the sentence for the approximately fifteen months he had been in custody as a pretrial detainee on the robbery charges. It appears from the record that Thomas became angered by his counsel's failure to pursue the post-trial motions, and became involved in an altercation with his counsel in the presence of the sentencing judge, who sentenced him to an additional term of thirty days for contempt of court.

On October 25, 1977, the post-trial motions from the robbery and related offenses were denied. On November 29, 1977, Thomas was sentenced to ten to twenty years on the robbery conviction; five to ten for conspiracy; two to five on the weapons offense; and one to five for the terroristic threats—all sentences to run concurrently. On direct appeal the robbery and related convictions were affirmed by the Pennsylvania Superior Court, and the Pennsylvania Supreme Court denied allocatur.

On August 4, 1977, prior to his sentencing on the robbery and related offenses and following his sentencing on the voluntary deviate sexual intercourse conviction, Thomas filed a *pro se* petition for habeas corpus with the state court, seeking reinstatement of his post-trial motions in connection with the voluntary deviate sexual intercourse conviction. He alleged that his counsel's conduct amounted to ineffective assistance of counsel. After a hearing at which he was represented by new counsel, the court dismissed his petition, ruling that his sole remedy was by way of the state's Post Conviction Hearing Act (P.C.H.A.), 42 *Pa.Cons.Stat.Ann.* § 9541 *et seq.* (Purdon's 1983). His counsel was directed to refile under the P.C.H.A., but instead appealed the dismissal of the habeas petition. On December 26, 1978, the Pennsylvania

Superior Court affirmed the trial court's dismissal of the habeas petition.

In November of 1978, Thomas filed another petition for a writ of habeas corpus in the state court, claiming that the fifteen months he spent in custody following his arrest on the robbery charge should be credited to the robbery sentence rather than to the voluntary deviate sexual intercourse conviction. The trial court denied his habeas petition, the Superior Court affirmed, and the Pennsylvania Supreme Court denied allocatur.

On September 4, 1979, Thomas filed yet another petition for habeas corpus in the state court attacking his voluntary deviate sexual intercourse conviction, alleging that the statute under which he had been found guilty was unconstitutional and that he had received ineffective assistance of counsel. After a hearing on October 15, 1979, at which Thomas was represented by counsel, the court again directed counsel to withdraw the habeas petition and refile under the Post Conviction Hearing Act, which was done. On November 6, 1980, following a hearing, the court dismissed his P.C.H.A. petition on the ground that since he was no longer in custody on the voluntary deviate sexual intercourse conviction, he therefore was ineligible for relief. Although state court factual determinations are afforded a presumption of correctness under 28 U.S.C. § 2254(d), it does not appear that the state court made any factual findings on the ineffective assistance of counsel claim when it dismissed the P.C.H.A. petition on jurisdictional grounds. Once again, the Superior Court affirmed the dismissal of the petition, and the Pennsylvania Supreme Court denied allocatur. In May of 1980, the Pennsylvania Supreme Court had decided that the statute pursuant to which Thomas was found guilty of voluntary deviate sexual intercourse was unconstitutional. *Commonwealth v. Bonadio*, 490 Pa. 91, 415 A.2d 47 (1980); *Commonwealth v. Waters*, 281 Pa.Super. 535, 422 A.2d 598 (1980).

## II. *Discussion*

The Magistrate Report details the prolonged and futile efforts of this *pro se* inmate to obtain relief. This Court will briefly address the issues raised by the Commonwealth in connection with the federal court's jurisdiction to consider Thomas' claims. The Commonwealth contends that Thomas has not satisfied the exhaustion requirement of *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), and further contends that he has waived his right to an adjudication of the claims which he has set forth in the habeas petition filed with this Court.

■ This Court finds that Thomas has presented all of his claims for federal habeas relief to the state court in one form or another. He has satisfied the exhaustion requirement of *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). His ineffective assistance of counsel claim was "fairly presented" to the highest state court as required by *Humphrey v. Cady*, 405 U.S. 504, 517 n. 18, 92 S.Ct. 1048, 1056 n. 18, 31 L.Ed.2d 394 (1972); *see also, United States ex rel. Geisler v. Walters*, 510 F.2d 887, 892 n. 11 (3d Cir.1975).

■ The Commonwealth's contention that Thomas has waived his right to an adjudication of his constitutional claims by this Court is also without merit. Assuming that the failure to secure an adjudication of the post-trial motions and to appeal the voluntary deviate sexual intercourse conviction constitutes a procedural default, "a habeas petitioner may escape the effect of a procedural default by showing, depending on the nature of the default, either that (1) the petitioner did not deliberately bypass the state procedures, *see Fay v. Noia*, 372 U.S. 391, 438–39, 83 S.Ct. 822, 848–49, 9 L.Ed.2d 837 (1963), or (2) that there was cause for and actual prejudice from the procedural default, *see Wainwright v. Sykes*, 433 U.S. 72, 90–91, 97 S.Ct. 2497, 2508, 53 L.Ed.2d 594 (1977)." *United States ex rel. Caruso v. Zelinsky*, 689 F.2d 435, 441 (3d Cir.1982). The deliberate bypass standard is applicable where the default involves the failure to take a direct appeal. *See Wainwright v. Sykes*, 433 U.S. at 91–94, 97 S.Ct. at 2508–10 (Burger, C.J., concurring); *Beaty v. Patton*, 700 F.2d 110, 113 (3d Cir.1983). In *Beaty*, the court stated "[b]efore a federal court may proceed to consider his petition, [Relator] must demonstrate that this default was not a 'deliberate by-pass' of the state court. *Fay v. Noia*, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963); *Boyer v. Patton*, 579 F.2d 284 (3d Cir.1978). [Relator] need not meet the stricter 'cause and prejudice' standard set forth in *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), because his default involved a decision regarding an appeal." 700 F.2d at 113.

■ This Court agrees with the Magistrate's determination that in this case Thomas has not waived his right to an adjudication of his constitutional claims. The record clearly shows that Thomas did not "deliberately by-pass" the state procedures in such a way as to constitute "an intentional relinquishment or abandonment of a known right or privilege," *see Fay v. Noia*, 372 U.S. at 439, 83 S.Ct. at 849, *quoting Johnson v. Zerbst*, 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938). Thomas repeatedly attempted to raise his grounds for relief in the state court. The Commonwealth points out that he "fired" his second counsel after being informed that his post-trial motions would not be heard because counsel had failed to file a brief and had been unprepared for argument. In light of Thomas' efforts to obtain relief on his own and with the assistance of other counsel, this Court cannot conclude that he deliberately by-passed the state procedures for direct appeal. Furthermore, this Court agrees with the Magistrate's determination that Thomas also has shown cause for and actual prejudice from the procedural defaults. It is clear that the primary cause for any procedural default on the issue of the statute's unconstitutionality was the failure of his counsel to pursue Thomas' post-trial motions and to carry out Thomas' expectation that an appeal would be filed. Thomas nevertheless

attempted to litigate the constitutional issue by filing a habeas corpus petition which the state court dismissed with the recommendation that Thomas' counsel should file a Post-Conviction Hearing Act petition. Instead counsel chose to appeal the court's dismissal of the habeas petition. After the Superior Court ruled on that appeal, Thomas' constitutional attack on the voluntary deviate sexual intercourse conviction was dismissed on the ground that he was no longer "in custody" on that conviction. As heretofore pointed out, the inactions, omissions, and delays of counsel have prejudiced Thomas by preventing him from pursuing his claim that he was found guilty pursuant to an unconstitutional statute.

### A. Custody

The Commonwealth also contends that this Court is without jurisdiction to decide the merits of the petition attacking the voluntary deviate sexual intercourse conviction because Thomas has served his sentence for that offense and cannot be considered to be "in custody" for the purposes of 28 U.S.C. §§ 2241(c)(3) and 2254(a).

28 U.S.C. § 2241(c)(3) provides:

(c) The writ of habeas corpus shall not extend to a prisoner unless—

(3) He is in custody in violation of the Constitutional or laws or treaties of the United States ...

Likewise, 28 U.S.C. § 2254(a) provides:

(a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

In *U.S. ex rel. DiRienzo v. State of New Jersey*, 423 F.2d 224 (3d Cir.1970), the Third Circuit held that where "invalidation of the first conviction would eventually lead to a shortening of the second, present sentence, the District Court has jurisdiction to grant review of relator's [prior] convic-

tion." 423 F.2d at 227. There the court quoted with approval a Fifth Circuit decision which held that the custody requirement was satisfied if the setting aside of the earlier conviction "would result in [the Relator] receiving credit in some degree" on the second sentence. 423 F.2d at 226, *quoting Capetta v. Wainwright*, 406 F.2d 1238, 1239 (5th Cir.1969), *cert. denied*, 396 U.S. 846, 90 S.Ct. 55, 24 L.Ed.2d 96 (1969).

In *Lyons v. Brierley*, 435 F.2d 1214, 1216 (3d Cir.1970), the court reaffirmed the *DeRienzo* decision in holding that federal habeas corpus jurisdiction existed "to determine the validity of a prior sentence which has already expired if its invalidity would result in a credit for some of the time served under it against the subsequent valid sentence." 435 F.2d at 1216. Recently, the Third Circuit, once again relying on *DiRienzo* and *Lyons*, held that an individual was "in custody" for the purpose of 28 U.S.C. § 2255 where the prior expired conviction under challenge "positively and demonstrably" affects the duration of his confinement under the second sentence. *United States v. Jackson*, 684 F.2d 245, 247 (3d Cir.1982).

■ The record of the state court proceedings shows that on July 25, 1977, Thomas was sentenced on the voluntary deviate sexual intercourse offense to a prison term of 11 to 23 months with credit being given for the period of approximately fifteen months that he had served as a pretrial detainee on the robbery and related charges. He was sentenced on November 29, 1977, to a prison term of 10 to 20 years on the robbery and related offenses, which sentence he is presently serving. If the voluntary deviate sexual intercourse conviction is invalidated, Thomas must receive credit for the time he spent in custody as a pretrial detainee on the robbery and related charges. In other words, if this Court invalidates the sex offense conviction, the law of Pennsylvania requires that he receive credit for the time served as a pretrial detainee on the robbery and related charges, which time was originally credited

to the voluntary deviate sexual intercourse conviction. *See* 42 *Pa.Cons.Stat.Ann.* §§ 9760(1), (3) (Purdon's 1983); *Commonwealth v. Bailey*, 258 Pa.Super. 364, 392 A.2d 836 (1978); *Goins v. Brierley*, 464 F.2d 947, 948 (3d Cir.1972); *Commonwealth ex rel. Ulmer v. Rundle*, 421 Pa. 40, 218 A.2d 233 (1966). Therefore, it is clear that this Court has jurisdiction to review Thomas' conviction for voluntary deviate sexual intercourse.

In addition, there is another basis which supports this Court's jurisdiction to review Thomas' conviction for voluntary deviate sexual intercourse. As shall be discussed more fully below, the judge who imposed sentence on the robbery and related convictions not only considered Thomas' prior conviction for voluntary deviate sexual intercourse, but it appears from the record that the prior conviction undoubtedly affected the sentencing judge's appraisal of Thomas' character and the sentences imposed on the robbery and related offenses. If the prior conviction is set aside, Thomas would be entitled to resentencing on the robbery and related offenses. *United States v. Tucker*, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972). For all of these reasons, the Court agrees with the Magistrate's determination that Thomas is "in custody" within the meaning of the federal habeas corpus statutes.

### III. *The Merits of the Petitions*

#### A. *C.A. No. 83–0699*

In this action Thomas challenges his conviction for voluntary deviate sexual intercourse on the grounds that (1) the statute under which he was convicted is unconstitutional and (2) his counsel was ineffective. The Magistrate did not address the constitutional argument directly because he concluded that Thomas' counsel was ineffective and that the conviction for voluntary deviate sexual intercourse must be vacated.

At the state Post-Conviction Hearing Act proceeding on October 14, 1980, Thomas' counsel testified that he was assigned to the case after Thomas' first counsel had filed post-trial motions and left the employ of the Public Defender's Office. The second counsel testified that he was not aware that Thomas' case was his responsibility until the post-trial motions were listed the third time for argument. N.T., P.C.H.A. Hearing, October 14, 1980, at 37–38. No brief in support of the post-trial motions was ever filed. Counsel's failure to brief the post-trial motions as required by local court rule results in waiver of the issues set forth in the motions for the purposes of appeal. *Commonwealth v. Prisznyak*, 306 Pa.Super. 137, 452 A.2d 253 (1982). Counsel contended that he did not pursue the reinstatement of the post-trial motions because Thomas informed him, at the time of their dismissal, that he did not want further representation from him or from anyone associated with the Public Defender's Office. *Id.* at 39. Thomas testified that he directed counsel to arrange for new counsel to pursue Thomas' post-trial remedies. *Id.* at 45–46. Counsel subsequently conceded at the P.C.H.A. hearing that his own notes showed that Thomas wanted his counsel to arrange for reinstatement of the post-trial motions and for an appeal of the voluntary deviate sexual intercourse conviction. N.T., P.C.H.A. Hearing, October 14, 1980, at 40–43. The record shows, as heretofore pointed out, that no appeal was ever filed.

Thomas' pursuit of his legal rights has been thwarted at various stages by the omissions of his counsel, which occurred from the failure to effect a meaningful substitution of defense counsel after Thomas' first attorney left the employ of the Public Defender's Office. This Court finds that counsel's failure to diligently pursue the post-trial motions attacking the constitutionality of the statute, as well as counsel's failure to arrange for the appeal desired by Thomas, clearly demonstrate that Thomas has carried his burden of proving that the representation he received was constitutionally inadequate and that he was prejudiced by his counsel's omissions. As the Third Circuit recently has stated, "[Relator] must demonstrate that the representation he received at trial was 'consti-

tutionally inadequate,' *United States ex rel. Johnson v. Johnson,* 531 F.2d 169, 174 (3d Cir.), *cert. denied,* 425 U.S. 997, 96 S.Ct. 2214, 48 L.Ed.2d 823 (1976), and that he was prejudiced by his attorney's inadequacies, *United States v. Swinehart,* 617 F.2d 336, 340 (3d Cir.1980). The constitutional right to effective counsel demands that the defendant's attorney exercise 'the customary skill and knowledge which normally prevails at the time and place' of trial. *Johnson,* 531 F.2d at 174 (*quoting Moore v. United States,* 432 F.2d 730, 736 (3d Cir.1970))." *Government of the Virgin Islands v. Bradshaw,* 726 F.2d 115, 116–117 (3d Cir.1984). It is well-settled that "[t]he failure of counsel to take the simple steps required to file a notice of appeal when instructed by his client to do so constitute such extraordinary inattention to a client as to amount to ineffective assistance of counsel ..." *Hollis v. United States,* 687 F.2d 257, 259 (8th Cir.1982), *quoting Williams v. United States,* 402 F.2d 548, 552 (8th Cir.1968). *See also A.B.A. Standards for Criminal Justice* § 4–8.2(b): "The lawyer should take whatever steps are necessary to protect the defendant's right of appeal." The Commentary to this section states that "taking whatever steps are necessary to protect the right of appeal" may include "perfecting the appeal, even though arrangements may have to be made for other counsel to represent the defendant" in the appeals process.

▪▪▪ Ordinarily, when a Court determines that counsel has been ineffective at the trial level, the writ of habeas corpus will issue with the provision that execution of the writ be stayed in order to afford the state the opportunity to re-try the Relator. Further, where the ineffective assistance of counsel is based upon a failure to take an appeal, the writ would be granted subject to the provision that the execution of

the writ to be stayed in order to allow Relator the opportunity to file an appeal *nunc pro tunc. See Perez v. Wainwright,* 640 F.2d 596 (5th Cir.1981). However, under the circumstances of this case, where the ineffective assistance of counsel deprived Thomas of the opportunity to challenge the constitutionality of the statute pursuant to which he was sentenced, a retrial or rehearing at the appellate level would appear to be a meaningless procedure.[1] Therefore, in view of the fact that the Pennsylvania Supreme Court has declared the statute pursuant to which Thomas was convicted unconstitutional, *Commonwealth v. Bonadio,* 490 Pa. 91, 415 A.2d 47 (1980), and in view of the fact, hereinafter discussed, that the conviction pursuant to the unconstitutional statute influenced the imposition of the sentences which he presently is serving, this Court will grant the petition for habeas corpus and declare the conviction for voluntary deviate sexual intercourse invalid.

### B. *C.A. No. 83–0698*

In this action Thomas seeks credit for the time spent in custody as a pretrial detainee on the robbery and related charges, which he claims was unlawfully credited to the voluntary deviate sexual intercourse conviction. Since this Court has vacated the conviction for voluntary deviate sexual intercourse, there now appears to be no question that Thomas should be credited with the approximately fifteen months he spent in custody as a pretrial detainee in connection with the robbery and related charges, the sentences for which he is presently serving. *See 42 Pa.Cons.Stat. Ann.* §§ 9760(1), (3) (Purdon's 1983); *Commonwealth v. Bailey,* 258 Pa.Super. 364, 392 A.2d 836 (1978); *Goins v. Brierley,* 464 F.2d 947, 948 (3d Cir.1972); *Common-*

---

1. The allowance of an appeal *nunc pro tunc* (to raise Thomas' constitutional challenge) would be meaningless because the Pennsylvania appellate courts, in a *nunc pro tunc* direct appeal, apply *current* case law. *Commonwealth v. Brown,* 494 Pa. 380, 431 A.2d 905 (1981); *Commonwealth v. McCloud,* 477 Pa. 204, 383 A.2d

894 (1978); *Commonwealth v. Little,* 432 Pa. 256, 248 A.2d 32 (1968). Thus, regardless of the retroactivity of the *Bonadio* decision invalidating the statute, Thomas' conviction for voluntary deviate sexual intercourse inevitably would be reversed on a *nunc pro tunc* appeal.

*wealth ex rel. Ulmer v. Rundle,* 421 Pa. 40, 218 A.2d 233 (1966).

IV. *Resentencing*

 Thomas has filed a "Request to Supplement" the Magistrate's Report, wherein he contends that he is entitled to be resentenced on the robbery and related convictions because the sentences imposed thereon were influenced by the sentencing judge's consideration of the prior conviction for voluntary deviate sexual intercourse. Thomas was sentenced on the robbery and related charges on November 29, 1977. The sentencing judge on the robbery charges was the same judge who had presided at Thomas' trial where the jury found him guilty of voluntary deviate sexual intercourse and the same judge who had sentenced him on the voluntary deviate sexual intercourse conviction. It was also the same judge who had found him in contempt at the sentencing hearing on the voluntary deviate sexual intercourse conviction in connection with his outburst in the courtroom directed towards his counsel's failure to effectively represent him.

At the sentencing hearing on the robbery and related offenses, the judge noted that he was "particularly concerned about Mr. Thomas' prior record, if any," and stated, "we have observed throughout the proceedings your attitude, and we have to consider that in connection with your prior record ... We believe that it is almost certain, as demonstrated by your prior record, that you would become involved in criminal activity [if placed on probation]." N.T., Sentencing Hearing, November 29, 1977, at 4, 7. The judge also stated:

Now, Mr. O'Hare and Mr. Thomas, as to the effective date of the sentence, some history is necessary. Mr. Thomas was convicted previously in this Court of voluntary deviate sexual intercourse with another prisoner in the Lehigh County Prison. The charge had been one of involuntary deviate sexual intercourse but the jury convicted him of voluntary and this Court imposed a sentence of 11 to 23 months and parole was granted on

July 25, 1977. On that day, Mr. Thomas was in this Court. However, and because of his conduct, he was sentenced for 30 days in prison for contempt of Court. That takes us to August 24, and that will be the effective date for release on parole on all prior charges and that is the reason that this sentence commences on that day.

N.T., Sentencing Hearing, November 29, 1977, at 9–10.

In *United States v. Tucker,* 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972), the United States Supreme Court considered a case in which the trial judge expressly had considered the defendant's record of previous convictions before imposing sentence. It was later determined that two of the previous convictions had been obtained without the assistance of counsel and were constitutionally invalid. The Supreme Court remanded the case for resentencing because the "sentence [was] founded at least in part upon misinformation of a constitutional magnitude." 404 U.S. at 447, 92 S.Ct. at 592.

The Third Circuit, while acknowledging that *"Tucker* proscribes consideration of invalid sentences, not mere knowledge of those convictions," remanded a case for resentencing where there were "indications in the record" that the sentencing judge's "appraisal of the [defendant's] character" was influenced by the invalid convictions and "that that appraisal might have affected the judge's sentencing decision." *United States ex rel. Fletcher v. Walters,* 526 F.2d 359, 363 (3d Cir.1975). Further, the Court stated that "[e]ven though the statements of the sentencing judge do not explicitly reveal his consideration of the invalid conviction, we are of the opinion that the principles of *Tucker* are best effectuated by resolving any doubts we might have on this issue in favor of resentencing." 526 F.2d at 364. *See also United States v. Lyons,* 706 F.2d 321, 335 n. 25 (D.C.Cir. 1983) (remand for resentencing if it cannot be established whether the trial court's sentence on a valid conviction was influenced

by a conviction on a separate count which was later invalidated on appeal).·

In both *Tucker* and *Walters* the sentencing court relied upon prior convictions rendered invalid because the defendant was unrepresented by counsel, in violation of *Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). A number of courts subsequently have held that the *Tucker* rationale is applicable to prior convictions invalidated on constitutional grounds other than the Sixth Amendment right to counsel. *See, e.g., Martinez v. United States,* 464 F.2d 1289, 1290 (10th Cir.1972) (invalid statutory presumption); *Jefferson v. United States,* 488 F.2d 391, 393 (5th Cir.1974) (Fifth Amendment right against self-incrimination); *Stead v. Link,* 540 F.2d 923, 927 (8th Cir.1976) (remand for resentencing if sentencing court considered convictions based upon involuntary guilty pleas); *Portillo v. United States,* 588 F.2d 714 (9th Cir.1978) (*Tucker* may apply to prior conviction invalidated on Fourth Amendment grounds). The Ninth Circuit has held that the *Tucker* remedy would apply where the sentencing court considered a prior state conviction which was invalid due to ineffective assistance of counsel. *Brown v. United States,* 610 F.2d 672, 675 (9th Cir.1980). The court concluded that for the purpose of the *Tucker* inquiry "the right to the assistance of counsel and the right to effective assistance of counsel are constitutional equivalents." 610 F.2d at 675. Recently the United States Supreme Court has indicated that its holding in *Tucker* is not limited solely to prior uncounselled convictions: "As we held in *United States v. Tucker* ... the sentence must be set aside if the trial court relied at least in part on 'misinformation of a constitutional magnitude' *such as* prior uncounselled convictions that were unconstitutionally imposed," *Zant v. Stephens,* — U.S. —, —, 103 S.Ct. 2733, 2749 n. 33, 77 L.Ed.2d 235 (1983) (emphasis added). This Court concludes that the *Tucker* rationale is applicable to the present case, given its determination that the prior conviction must be vacated because Thomas received ineffective assistance of counsel in

violation of Sixth Amendment rights and that the statute pursuant to which he had been found guilty has been declared unconstitutional.

In this case there are clear "indications in the record" that the sentencing judge's "appraisal" of the petitioner's character was influenced by the invalid conviction, and that such appraisal might have affected the sentencing decision. This Court believes that the petitioner is entitled to a new sentencing hearing on the robbery charges without consideration of the conviction for voluntary deviate sexual intercourse. Thomas will, of course, be entitled to credit on the resentence for the time that he was in custody as a pretrial detainee in the robbery and related charges, as well as the time already served in connection with the robbery and related convictions.

## V. *Conclusion*

For the reasons set forth above, this Court has determined that Thomas received ineffective assistance of counsel. In view of the fact that the Pennsylvania Supreme Court has declared the statute pursuant to which Thomas was convicted unconstitutional, and in view of the fact that the conviction pursuant to the unconstitutional statute influenced the imposition of the sentence Thomas presently is serving, this Court will grant the petition for writ of habeas corpus in No. 83–0699 and declare the conviction for voluntary deviate sexual intercourse invalid. Further, for the reasons stated above, the petition for a writ of habeas corpus in No. 83–0698 also will be granted, with the execution of the writ to be stayed for ninety days in order to afford the Commonwealth an opportunity to arrange for the resentencing of Thomas on the robbery and related convictions (Lehigh County case Nos. 1494 through 1497 (1976)), with the understanding that in connection with said resentencing Thomas shall be credited with the time served as a pretrial detainee on the robbery and related charges as well as with the time already

served in connection with the robbery and related convictions.