855 F.2d 860
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 David K. DAVIS, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 87-2961.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 12, 1988.*
Decided Aug. 23, 1988.
 Before CHOY, FARRIS and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 BACKGROUND
 
 2
 On June 18, 1984, a California Superior Court jury convicted David K. Davis ("Davis") of one felony count of solicitation of burglary and five felony counts of attempted receipt of stolen property. The court sentenced him to four years in state prison.
 
 
 3
 On May 16, 1985, Davis was indicted on one count of conspiracy to transfer and deliver counterfeit federal reserve notes, 18 U.S.C. Secs. 473 and 371, five counts of transferring and delivering counterfeit federal reserve notes, 18 U.S.C. Sec. 473, and one count of concealing counterfeit notes, 18 U.S.C. Sec. 473. Davis pled guilty in the Eastern District of California to the conspiracy count through an agreement in which the government dropped the other charges. On December 23, 1985, the court sentenced Davis to five years imprisonment, to become eligible for parole pursuant to 18 U.S.C. Sec. 4205(a).[1] The court further ordered that the sentence run consecutively to the state sentence. Davis completed his state sentence on October 7, 1986, at which point he was transferred to Lompoc Federal Prison in the Central District of California.
 
 
 4
 On August 3, 1987, the Fifth District of the California Court of Appeals reversed Davis's state conviction. On September 18, 1987, Davis filed a motion in the Eastern District of California under Fed.R.Crim.P. 35(a) and 28 U.S.C. Sec. 2255 seeking: 1) immediate release from custody; 2) an order striking the district court's order that the federal sentence run consecutively to the reversed state sentence; 3) an order for time credits for the time served on the vacated state sentence; and 4) an order vacating the prior sentence and resentencing him for parole eligibility under 18 U.S.C. Sec. 4205(b)(2), on the ground that the court rendered the prior judgment of parole after consideration of the now reversed state convictions.
 
 
 5
 On October 20, 1987, the district court issued the order from which Davis appeals. The court granted the motion to strike its order that the federal sentence run consecutively to the state sentence. The court denied the request for an order awarding time credits as well as the request for resentencing to earlier parole eligibility under 18 U.S.C. Sec. 4205(b)(2). On October 28, 1987, Davis filed notice of appeal.
 
 
 6
 On November 6, 1987, the Parole Commission credited Davis with time served on the reversed state conviction and advanced his parole date from June 6, 1988, to December 6, 1987. On December 6, 1987, Davis was released on Federal parole.
 
 ANALYSIS
 
 7
 Although Davis has been released from custody, he still seeks resentencing and time credits in hopes of receiving more favorable parole conditions.
 
 
 8
 I. Time Credits for Vacated State Conviction
 
 
 9
 Davis filed a petition under 28 U.S.C. Sec. 2255 to have the time served under his vacated state sentence credited to his federal sentence. The district court correctly held that it was without jurisdiction to hear this claim. "A petition under section 2255 can test only the propriety of the sentence imposed, not the manner of execution." United States v. Giddings, 740 F.2d 770, 772 (9th Cir.1984). A claim for time credits challenges the execution of the sentence. Id. A prisoner may seek review of the execution of a sentence under 28 U.S.C. Sec. 2241; however, a Sec. 2241 petition must be heard in the district with jurisdiction over the prisoner. Id. For Davis, this was the Central District of California, where he was incarcerated at the time of the petition.
 
 II. Change of Parole Eligibility
 
 10
 Davis also alleges that the district court erred in refusing to issue an order resentencing him to parole eligibility pursuant to 18 U.S.C. Sec. 4205(b)(2). Davis argues that the court rendered the prior judgment of parole under 18 U.S.C. Sec. 4205(a) after consideration of a presentence report that included his now reversed state conviction. In rejecting this claim, the district court stated that it did not rely upon the state conviction in imposing parole eligibility. "We shall affirm a sentence where the trial judge disavows reliance on the challenged sentencing information." Jones v. United States, 783 F.2d 1477, 1481 (9th Cir.1986); see also Portillo v. United States, 588 F.2d 714, 717 (9th Cir.1978).
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 3(f)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 21
 
 
 [1]
 Title 18 U.S.C. Sec. 4205(a) states that a prisoner confined for more than one year shall be eligible for parole after serving one-third of his or her term